GEORGE W. McDERMOTT, Appellant, v. RONALD JOHNSON et al., Appellees.

**NEGLIGENCE: Evidence—Liability Insurance.** Evidence is inadmissible, in an action for damages based on the negligent operation of an automobile on the highway, to the effect that defendant stated to plaintiff that he (defendant) carried liability insurance, and that plaintiff should bring action against the insurance company.

**NEGLIGENCE: Jury Question.** Principle reaffirmed that the issue of negligence is for the jury when the record is such that reasonable men might fairly draw different conclusions therefrom.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

FEBRUARY 14, 1922.

ACTION to recover for damages caused by an automobile collision. The jury returned a verdict for the defendants, and the plaintiff appeals.—*Affirmed.*

*Griffin, Griffin & Griffin,* for appellant.

*F. H. Schmidt,* for appellees.

FAVILLE, J.—On the evening of June 28, 1919, the appellant was riding in an automobile driven by one Dr. Martin,

upon what is known as the "Military Road," near Sioux City. Said road is a paved highway. The automobile was being driven on the right-hand side of the road. It was dark and misty. The car in which appellant was riding met several automobiles, going in the opposite direction. The car driven by the appellee Roland Johnson came into collision with the car driven by Dr. Martin, and the appellant received the injuries for which recovery is sought. The case was submitted to the jury, which returned a verdict in favor of the appellees. The appellee Chase G. Johnson was the owner of the car that was being driven at the time of the collision by the appellee Roland Johnson. A young lady was riding with the said Roland Johnson at the time of the accident.

1. NEGLIGENCE: evidence: liability insurance.

I.    In his opening statement to the jury, counsel for the appellant stated, in substance, that, after the accident, the appellee Roland Johnson came to the hospital where the appellant was, and stated, in effect, that he was to blame for the accident, and that appellant should bring suit against the liability company or insurance company, to recover damages therefor.    Timely objection was interposed by counsel for the appellee to this statement regarding the liability company.    Whereupon, the court said:

"The remark that was made by counsel for the plaintiff in his opening statement, that the driver of the car, Roland Johnson, advised the plaintiff to bring action against the liability company, was improper, and will be entirely disregarded by the jury in the trial of this case."

Error is claimed in this ruling.    It is also urged in this connection that the court erred in refusing to permit the appellant to prove the alleged statement of the said appellee Roland Johnson, to the effect that the appellant should sue the liability company.    The record in regard to this matter is somewhat cloudy.    When a witness was asked regarding the conversation with the appellant at the hospital, the objection interposed by counsel for the appellee was overruled, with an instruction from the court to the witness to confine himself to what the appellee may have said on the occasion in regard to the accident, as to why and how it happened.    We fail to find any offer in the record as to what, if anything, appellant's counsel expected to

prove by the witness in respect to this conversation with the appellee. It seems to be assumed that appellant's counsel desired to prove, as a part of the conversation with the appellee, the matter referred to in the opening statement, to the effect that the appellee stated to the appellant that he (the appellant) should sue the liability company. The argument is that appellant had a right to show to the jury the fact that appellee carried liability insurance, and especially so when this was a part of the conversation in which it is claimed that appellee said that he was to blame for the accident.

We do not find error in the record in regard to the matter of which complaint is made. The court permitted the appellant to prove all of the admissions and declarations of the appellee tending to show the cause of the accident and liability on his part. The record fails to disclose that any exception was taken to the ruling of the court at the time of the opening statement to the jury, and no offer was made to prove the matters referred to, and no exception preserved to the court's ruling. However, if the record before us were deemed sufficient to make the question before us reviewable, we do not find any error in the ruling of the court excluding the alleged reference to the fact that the appellee advised the appellant to sue the liability company. Such evidence had no proper bearing upon the question of whether or not the appellee was guilty of negligence, or whether appellee admitted such negligence in the conversation referred to. There was no error at this point of which appellant can complain.

II. In Instruction No. 10, the court instructed the jury that they could take into consideration the question of whether or not the appellant could have avoided the accident or collision if, by the exercise of reasonable care, he could have discovered the impending collision or danger and warned the driver of said automobile, and thereby enabled him to stop or turn aside. The exception lodged against this instruction is that it was error to give it "because the undisputed testimony shows that the plaintiff had no such opportunity to warn the driver of the car in which he was riding, in time to avoid the collision, and because there was no evidence upon which the jury could find such contributory

2. Negligence: jury question.

negligence on the part of the plaintiff.'' We do not think the instruction as given was vulnerable to the objection interposed thereto. It was incumbent upon the plaintiff to allege and prove his freedom from contributory negligence. The evidence in the case was not of that character from which it must be said that all reasonable and fair-minded men would agree that the appellant was not guilty of contributory negligence; and such being the situation, it was a question to be determined by the jury. The exception urged to Instruction No. 10, submitting the question of contributory negligence to the jury, was not well taken. *Stoker v. Tri-City R. Co.*, 182 Iowa 1090; *Bradley v. Inter-Urban R. Co.*, 191 Iowa 1351; *Waring v. Dubuque Elec. Co.*, 192 Iowa 1240; *Wagner v. Kloster*, 188 Iowa 174.

III. It is urged that the court erred in overruling the appellant's motion for new trial, on the ground that the verdict is contrary to the evidence and is the result of prejudice on the part of the jury. It is the contention of the appellant that, at the time of the accident in question, the appellee was on the left-hand side of the highway, and that he was clearly guilty of negligence causing the injury, and that appellant, and also the driver of the car in which he was riding, were entirely free from contributory negligence. It appears from the evidence that, as the two cars approached each other, the right-hand wheels of the appellee's car were off the pavement, which was about 18 feet wide; and the appellee was endeavoring to get his car back on the pavement, by turning the wheels to the left. The pavement was slippery from the rain. It is the appellant's contention that, in turning to the left to get back on the pavement, the appellee's car passed to the left-hand side of the pavement, and caused the collision. There is also evidence to the effect that, immediately after the collision, both of the cars were located near the center of the highway. Appellee contended that, because of the wet pavement, his car ''skidded,'' and came in contact with the appellant's car.

It was clearly a case for the jury, to determine from all of the evidence whether or not the appellee was guilty of negligence and whether the appellant was free from contributory negligence. We cannot say that the verdict in favor of the appellee was the result of passion or prejudice on the part of the jury.

The case seems to have been fairly submitted to the jury, to determine the questions of fact therein involved.

We have examined all of the errors urged by the appellant, and find none requiring a reversal of the case.

The judgment appealed from must, therefore, be, and the same is,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.