HELEN VASS, Administratrix, Appellant, v. CLAY MARTIN, Appellee.

No. 40003.

OCTOBER 15, 1929.

REHEARING DENIED FEBRUARY 14, 1930.

*Gilmore & Moon, Jones & White,* and *Miller, Kelly, Shuttle-worth & McManus,* for appellant.

*Taylor & Taylor* and *T. A. Goodson,* for appellee.

STEVENS, J.—The accident resulting in the death of Ralph Vass occurred on the evening of July 3, 1925, a few miles north of Bloomfield. The place of the accident was a hillside, from one third to one half of the way from the summit. F. D. Murphy, who was driving a Ford Tudor southward, on the right-hand side of the highway, struck an obstruction, and his car skidded in such a way as to turn almost completely around. In making the turn, the car was turned on its left side, with the front left wheel just over the grader ditch by the side of the highway. The car was apparently lying fronting slightly northwest. The lights were left burning. The roadside west of the grader ditch was grown up with sweet clover, so that the rays of light from the Ford must have been, to some extent at least, obscured. Unable to adjust his car so that he could proceed on his way to Bloomfield, Murphy called a garage, and two men soon arrived in a truck, to assist him in adjusting the Ford. The two men were Shelton, who testified as a witness in appellant's behalf, and Ralph Vass, who was killed when struck by appellee's car. The truck was stopped alongside of the Ford, pointing at a slight angle toward the northeast. There is some uncertainty in the evidence as to the exact distance between the Ford and the truck. Measurements made the following morning tended to show the distance to have been 7 feet and 7 inches. Because of a rain the preceding evening, the tracks of the several vehicles were clearly visible, and the measurements easily made. One witness estimated the distance as 8 or 9 feet, and another as 5 or 6 feet. The accident occurred very shortly after the truck arrived. Appellee was also traveling southward, on the right-hand side of the road. The evidence does not disclose the exact position in the highway, or in relation to the vehicles standing therein, of Murphy and the two men from the garage at the time of the accident, but it does show where they were immediately before it occurred. Neither

Murphy nor Shelton saw appellee's car approaching, and it is conceded that no warning was sounded. The lights of the truck and also the lights on appellee's car, a Chevrolet, were in good condition, and lighted. Appellee testified that he saw the truck some time before the accident. Apparently, he did not see the Ford until he was within 10 feet of it. At least, the jury could have so found from the evidence. Appellee drove his car between the Ford and the truck, striking all three of the men in the road, killing Vass, severely injuring Murphy, and inflicting some injuries upon Mr. Hambleton, a farmer residing near by, who had gone to the scene of the accident before the service truck arrived. Appellee's car struck both the truck and the Ford. His right fender was severely damaged, and in part torn off. The injury on the left side was slight, and near the front of the automobile.

The court, at the conclusion of all the testimony, on motion of the defendant, directed a verdict in his favor. The correctness of this ruling presents the only question for decision. It is true that appellee also contends that the evidence wholly failed to charge him with negligence. We deem it unnecessary to discuss this question.

Murphy was thrown, or carried, more than 30 feet, and Vass more than 60 feet. The question of the rate of speed at which appellee's car was traveling, and as to the other grounds of negligence charged, we are agreed, was clearly for the jury. The ground upon which a verdict was directed in favor of appellee was that the deceased was guilty of contributory negligence. Testimony was introduced, tending to show that the lights on the Ford car were visible to a traveler approaching the scene of the accident, although it is conceded that they were obscured to some extent by the sweet clover growing by the side of the road. Appellee testified that he saw the truck in the highway; that the front end was slightly east of the center of the road; that its position made it appear to him that the driver was turning out, to get on the right side of the road; that he saw no obstruction to the right until within 10 feet of the Ford; and that he proceeded, after somewhat reducing his speed, on the right side of the road, believing it to be clear. Testimony, and photographs taken the following morning, were introduced, which appellant claims tend to show that, as ap-

pellee approached the scene of the accident, he turned his car sharply to the right side, and that, when he saw the Ford, he turned to the left, so as to pass between it and the truck. Murphy testified that he and Vass stood by the side of the Ford, near the door; that Vass was two or three feet north of him. Hambleton testified that Vass had gone over to the west side, just a few seconds before Martin came up; that he had stepped over into the ditch, which was at the extreme west side of the highway. Murphy further testified that Vass told them to get the ropes or chains out of the truck; that, as he (Murphy) started to go from the Ford to the truck, he was struck by appellee's car. He had not, until the instant of the collision, observed the car approaching. When last seen by Murphy, Vass, as stated, was standing near the car, two or three feet north of him. Murphy did not see him after he started toward the truck, until after the accident. The evidence, therefore, does not show the exact place where deceased was standing when he was struck by appellee's car. The jury might have inferred that he was the first one hit. As there was not sufficient room for appellee's car to pass between the Ford and the truck without striking both of them, Vass may have been standing close to the Ford, where he was last seen by Murphy. In such position, he was in a place of apparent safety. The jury might have so found. The lights on the truck threw their rays somewhat toward the northeast. Appellee testified that he could not tell whether the truck was moving or standing in the road. He believed it was moving. The lights upon appellee's car cast their rays in the direction of the Ford, and the jury may well have found that, if the driver had been in the exercise of reasonable care, he would have discovered the relative position of the two vehicles in the highway. Had he done so, obviously no attempt would have been made to pass between them. Appellee testified that he did not see the injured parties until they stepped in front of his automobile, and that he then tried to reduce the speed or stop the car so as to avoid the collision, but was unable to do so. The distance between the two vehicles was not over seven feet seven inches,—two or three steps. In the absence of any definite showing that Vass was attempting to cross between the two cars, or that he was not, at the time of the accident, in a place of apparent safety, and, therefore, in the ex-

ercise of due care, the court cannot, as a matter of law, say that he was guilty of contributory negligence. The parties in the highway were not trespassers, but were, of course, bound to exercise reasonable care for their own safety. The evidence is not very conclusive either way, and there is room for a difference of opinion among fair-minded men as to whether deceased was himself guilty of contributory negligence. We think the evidence sufficient to have carried this question to the jury. *Gilbert v. Vanderwaal,* 181 Iowa 685; *Wilkinson v. Queal Lbr. Co.,* 203 Iowa 476; *Masonholder v. O'Toole,* 203 Iowa 884; *Clark v. Weathers,* 178 Iowa 97; *Livingstone v. Dole,* 184 Iowa 1340.

The foregoing cases sufficiently state and discuss the law of contributory negligence. They are not cited because of any analogy in their facts, or as precedents otherwise bearing upon the decisive question in this case.

We have purposely refrained from an extended statement of the evidence and from all possible comment thereon. We hold nothing more than that the questions of appellee's negligence and of deceased's contributory negligence were for the jury.—*Reversed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.