VERNER COOLEY, Appellee, v. J. L. KILLINGSWORTH et al., Appellants.

No. 39965.

JANUARY 21, 1930.

*Sargent, Gamble & Read,* for appellants.

*Stuart & Stuart, C. C. Putnam,* and *Guy S. Calkins,* for appellee.

FAVILLE, J.—The accident out of which this litigation arose occurred at about 5:30 P. M. on July 30, 1926, on a public highway between Norwood and Lucas. The road extends north and south. It is a dirt road, with a ditch on each side. It is approximately 24 feet wide between the ditches. On the day in question, sometime prior to the accident, a 12-foot road grader had passed over this road, making two trips. The method of operation of this grader had been to move it along the east and west sides of the road with the blade of the grader set on an

angle and the forward end of the blade extended into the ditch. By this operation clods, sod, and dirt were carried to the crown of the road and deposited there, the two rows extending longitudinally of the road and parallel to each other, with a space between. The rows were each 6 or 7 feet from the shoulder of the road. A completion of the work would require another operation, by which the grader would shove these rows of dirt back toward the shoulder. This had not been done. The rows of dirt were irregular, the height varying from almost nothing to about 4 or 5 inches. The space between the two rows of dirt was about 10 or 12 feet in width. The sides of the road were in practically the same condition.

Near the place of the accident, the road slopes downward toward the north. To the south of the crest of this decline, the road is comparatively level. The appellant's car was headed toward the north, and hence was on the level land. The appellee came on his motorcycle from the north, and hence came up the incline or slope. There is a rise of 38 feet in a distance of about 800 feet on this slope. There were no obstructions in the road, except the rows of dirt. Although there had been a slight rain some hours before the accident, the visibility was not affected by weather conditions at the time.

The appellee estimated the distance at which he first saw appellant's car at from 250 to 300 feet. The driver of appellant's car says that he first saw the motorcycle when it was "about 325, or maybe 340 or 350, feet" from his car. The evidence of experiments made tends to show that the parties *could* have seen each other at a somewhat greater distance. The two vehicles came together in a head-on collision, the motorcycle coming in contact with the bumper of the automobile at about the center of it. The force of the impact was such that the handlebar on the motorcycle was driven through the appellee's right hip, causing a severe and permanent injury.

The foregoing matters are established without practical dispute in the record.

There was evidence tending to show that, at the time of the collision, the appellants' car was on the left or west side of the road. There was also evidence that appellants' car was moving at a speed of 40 miles per hour at or about the time of the accident. There was also evidence tending to show that

appellee's motorcycle changed its course from one side of the road to the other as it approached the automobile. The distance at which each vehicle could be stopped at various speeds was shown.

The foregoing general outline is sufficient for a consideration of the errors relied upon for reversal.

I. It is contended that the appellee was guilty of contributory negligence in the operation of his motorcycle, and that the court erred in refusing to sustain appellants' motion for a directed verdict on this ground.

We have all read the record on this question with great care. We are not in agreement as to whether or not the appellee was guilty of contributory negligence, as a matter of law. This being the situation, further discussion of this question becomes unnecessary, and a recital of the record would serve no useful purpose to the parties or the profession.

II. Appellants also contend that the court should have directed a verdict on the ground that it did not appear that the negligence of appellants was the proximate cause of the injury to appellee. Like the question of contributory negligence, under the record this was also a question for the jury, and the court did not err in refusing to direct a verdict for the appellants upon this ground.

III. The appellants predicate error upon the court's refusal to give a requested instruction on the subject of the law with reference to a sudden emergency confronting the driver  of the automobile by the appearance of the appellee in the highway on his motorcycle. The court did not err in refusing to give the instruction as requested by the appellants. It would have been error for the court to have given said instruction in the form in which it was drawn. After purporting to state the general rule of law applicable to a sudden emergency, the requested instruction, in attempting to apply said rule to the facts of the case, would have informed the jury that the action of the appellant as outlined in said instruction "would not constitute negligence." It would have been quite proper in the case for the court to have instructed with regard to the law of sudden emergency, and made it applicable to both appellants and the appellee; but it would still

have been a question of fact for the jury to determine whether, under the evidence and the law in regard to sudden emergency, the parties exercised ordinary care. It was not error to refuse the requested instruction.

IV. Appellants complain of the court's refusal to give Requested Instruction No. 9, on contributory negligence. The court did not err in refusing to give this instruction in the form in which it was presented. The court instructed the jury fully on the question of contributory negligence, and the instructions given covered the subject-matter of said requested instruction sufficiently so that there was no reversible error in the refusal of the court to give said Requested Instruction No. 9 in the form in which it was asked.

V. The court gave the jury the following instruction:

"The statutes of this state, among other things, provide as follows: 'Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall  give one half of the traveled way thereof by turning to the right.' Both the motorcycle of the plaintiff and the Chevrolet automobile of the defendant are motor vehicles, within the meaning of this statute. This statute, therefore, required both the plaintiff and the defendant Killingsworth, upon meeting upon the public highway, to yield to the other one half of the traveled way, by turning to the right; and a failure upon the part of the defendant Killingsworth to yield one half of the traveled portion of the highway to the plaintiff by turning to the right upon meeting the plaintiff would constitute negligence on his part; likewise, a failure on the part of the plaintiff to yield one half of the traveled portion of the highway to the defendant Killingsworth by turning to the right, upon meeting upon the highway, would constitute negligence on the part of the plaintiff. You are, however, instructed that there is no statute or rule of law which requires the driver of a motor vehicle at all times while traveling on a highway, outside of cities and towns, to keep to the right of the center of the highway; but this is only required when meeting others on the highway, as heretofore stated in this instruction."

Complaint is made of this instruction. The instruction

cannot be approved. It has long been the rule in this state that, where a participant in an accident upon a public highway is upon the wrong side of the street or highway at the time, his presence there is prima-facie evidence of negligence, and no more. *Herdman v. Zwart,* 167 Iowa 500; *Powell v. Alitz,* 191 Iowa 233; *Johnson v. Kinnan,* 195 Iowa 720; *Carlson v. Meusberger,* 200 Iowa 65; *McElhinney v. Knittle,* 199 Iowa 278; *Cuthbertson v. Hoffa,* 205 Iowa 666. Under the well recognized rule in this state, a trial court is warranted in telling the jury that a violation of an ordinance or a statute governing said matter is prima-facie evidence of negligence; but it is erroneous to instruct a jury that, as a matter of law, it "would constitute negligence." The appellee seeks to avoid the error in this instruction on the ground that the instructions are all to be considered together, and that, when so considered, this instruction was not erroneous. We cannot sustain the appellee's contention at this point. When the instructions are read as a whole, the error in the statement of law contained in this instruction is not obviated. The jury should be told clearly, plainly, and correctly the rule of law pertaining to the so-called law of the road under the circumstances such as are presented in the case at bar, where it was contended that the accident resulted because of the claim that the appellants' automobile was on the wrong side of the road. The error was not corrected by other instructions that were given.

It is also contended by appellee that the appellants cannot urge error in the giving of said instruction, because this instruction was in part requested by the appellants. It is true  that the appellants did request a portion of said instruction, but with an entirely different conclusion from that embodied in the instruction as given by the court. The requested instruction, after quoting the statute, requested the court to instruct that, if both parties "negligently failed to observe said law, they would be equally negligent, and there could be no recovery by the plaintiff." Certainly the requesting of an instruction on the subject-matter of mutual negligence in failure to obey the law could not be a waiver of the error of the court in giving the instruction as given, to the effect that failure to observe the law of the road was of itself negligence, there being

no limitation in said instruction. We cannot approve of said instruction without overruling our previous holdings, which we are not disposed to do.

VI.   The appellee pleaded six specific grounds of negligence. The trial court withdrew from the consideration of the  jury all of said grounds of negligence except three.   One of these referred to the failure to yield the portion of the road to which it is claimed appellee was entitled.   Another referred to speed.   As a third ground of negligence, the court submitted to the jury the following:

"In that the said J. L. Killingsworth operated and drove said automobile without regard for the rights and safety of the lives and property of others rightfully upon and using said highway, and of plaintiff in particular."

The court then instructed the jury that the burden rested upon the appellee to establish that the defendant was negligent "substantially as alleged by the plaintiff in his petition."

Before the cause was submitted to the jury, the appellants moved the court to withdraw the said quoted allegation from the consideration of the jury, upon the ground that the statement did not plead a specific ground of negligence which would justify a recovery, and was merely an allegation of an opinion and conclusion of the pleader's.   This motion was overruled. Objections were taken to the submission of said ground of negligence to the jury.   In no instruction did the court specifically limit or define to the jury what acts would constitute negligence under said allegation.   In other words, by its instructions the court told the jury that the appellee was entitled to recover if the appellants were negligent by reason of the fact that the driver "operated and drove said automobile without regard for the rights and safety of the lives and property of others rightfully upon and using said highway, and of plaintiff in particular."   The appellants' motion to withdraw this general allegation from the consideration of the jury should have been sustained, and it was error for the court to submit to the jury, as a ground of negligence, the general statement of the allegation that the driver operated and drove the automobile without regard for the rights and safety of the lives and property of others

rightfully upon and using said highway. The fact that this ground of negligence was alleged in the petition, as set forth in the instruction, does not obviate the error urged. The allegation as pleaded and submitted, while following in a general way the language of Section 5028 of the Code, 1924, was too general and indefinite to be the basis for the right of recovery when attacked by motion, as was done in the instant case.

In *Faatz v. Sullivan*, 199 Iowa 875, referring to an instruction of this general character, we said:

"It left it to the jury to speculate as to whether or not the operator of defendant's automobile 'did *something* that a person of ordinary prudence and caution would not have done, or omitted to do *something* which a person of ordinary prudence and caution would not have omitted to do.' This opened the field of speculation and conjecture for the jury to say that 'something' done or 'something' omitted would constitute negligence, without regard to whether the same had any relation to the negligence charged in the petition."

Under this allegation in regard to negligence, the jury was left to speculate as to whether or not the driver of the automobile operated and drove the same without regard for the rights and safety of the lives and property of others rightfully upon and using said highway. There was no limit whatever placed upon what acts of omission or commission the jury may have deemed to have been committed or omitted by the driver of the car. The fact that the court quoted one of the allegations of the petition, and that it is also a quotation from the statute, does not avoid the error, where the allegation amounts to no more than a general allegation of negligence, and is properly attacked by motion. The court erred in submitting this general allegation of negligence to the jury over the objection of appellants. It left the jury to speculate as to whether or not the appellants were guilty of any form of negligence that came within the general allegation stated. This was error.

VII. Code Section 5026 is as follows:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by

reason of negligence of the driver, the owner of the car shall be liable for such damage."

Under the express provisions of this statute, the owner of a motor vehicle which is being driven by his consent is liable for damages caused by the negligence of the driver of the car. We had occasion to consider this statute in the recent case of *Wilkinson v. Queal Lbr. Co.*, 208 Iowa 933, wherein we said:

"The appellant lumber company was the owner of the car that caused the injury to appellee. It was being driven by Neel with the consent of the owner, and, under the statute (Section 5026, Code of 1924), the owner is liable for injuries that resulted by reason of the negligence of the driver. The appellee saw fit to sue the owner and the driver jointly. She doubtless could have sued each separately. In order to hold the lumber company liable, the appellee was required to establish the negligence of the driver of the car. The driver was a party defendant. His admissions or declarations as to his conduct were properly admissible *as against him*, for the purpose of showing his negligence. The question at this point is whether or not such admissions or declarations are admissible as against the lumber company. While the liability of the owner of the car is created by statute, we see no logical reason why the same rule should not apply here as in the case of action against a master for negligence of a servant, or the case of joint tort-feasors. While the liability in this action is statutory, and is not, strictly speaking, within the rule of *respondeat superior*, still the same general rules of evidence apply. The owner must be held liable, if at all, because of the negligence of the driver of the car. Negligence on the part of the driver must be established *against the owner* by the usual and ordinary rules which pertain in establishing liability of a master for the negligence of his servant. In the instant case, the evidence complained of was admissible as against the driver of the car. But it was not admissible to bind the owner, as proof of the negligence of the owner. The action having been brought against the appellants jointly, the evidence was admissible, but it was binding only upon the appellant Neel. The court should have limited its application, by a proper instruction, to the appellant Neel only. The appellants requested a proper instruction limiting the ap-

plicability of the evidence of said admissions of the appellant Neel. This was refused, and such refusal constitutes reversible error."

The appellee offered evidence of certain statements and declarations claimed to have been made by the driver of the car "sometime after the accident." The following then took place:

"Q. Where were you when you heard that conversation?

"Mr. Howland: Objected to on behalf of the American Asphalt Roof Corporation as immaterial and irrelevant, in no way binding upon it, no proper foundation laid, and hearsay.

"Mr. Putnam: I will say that this evidence is offered only upon the part of the defendant Killingsworth, and not upon the part of the defendant corporation, and we will concede that the objection should be sustained, so far as the defendant corporation is concerned.

"Mr. Howland: We ask the court to instruct the jury that any evidence of any conversation testified to by these witnesses will apply only as to the defendant Killingsworth.

"Mr. Putnam: We concede that that instruction may be given to the jury, and if your honor please, we will concede also that the former testimony of the witnesses Wood and Hughes, who testified about conversations with the defendant Killingsworth relative to what was said there at that time, may also be withdrawn from the consideration of the jury in so far as the defendant corporation is concerned, and that, in so far as the defendant corporation is concerned, the jury shall not consider it.

"The Court: Ladies and gentlemen of the jury: In view of the withdrawal of the testimony just offered by plaintiff, you are instructed that, in so far as the testimony of the witnesses Hughes and Wood in regard to statements made by the defendant Killingsworth, to which they have testified, and also as to this witness, any testimony given by any of the witnesses as to statements made by the defendant Killingsworth will not be considered by you as against the defendant American Asphalt Roof Corporation."

No error is predicated upon this record. The statements and declarations of the driver of the car were admissible in

evidence against him. It is, however, a well established rule that statements and declarations of an agent  not authorized by his principal or within the scope of his employment, and not a part of the *res gestae,* are not admissible as admissions of the principal. *Sweatland v. Ill. & Miss. Tel. Co.,* 27 Iowa 433; *Treadway v. S. C. & St. P. R. Co.,* 40 Iowa 526; *Verry v. B., C. R. & M. R. Co.,* 47 Iowa 549; *McPherrin v. Jennings,* 66 Iowa 622; *Drake v. Chicago, R. I. & P. R. Co.,* 70 Iowa 59; *Empire Mill Co. v. Lovell,* 77 Iowa 100; *Yordy v. Marshall County,* 86 Iowa 340; *Metropolitan Nat. Bank v. Commercial State Bank,* 104 Iowa 682; *Alquist v. Eagle Iron Works,* 126 Iowa 67; *Escher v. Carroll County,* 146 Iowa 738; *Richardson v. Cheshire,* 193 Iowa 930; *Vincent, Albin & Strahl v. Hines,* 198 Iowa 1224; *Walters v. Iowa Elec. Co.,* 203 Iowa 467. The statements and declarations of the driver of the car were not part of the *res gestae,* under the record in this case, and were not admissible as against the appellant American Asphalt Roof Corporation. Appellee's counsel expressly conceded of record that the objections should be sustained, as far as the corporation was concerned.

In instructing the jury, the court gave the following charge:

"You are instructed that, under the undisputed evidence in this case, the automobile in question belonged to the defendant American Asphalt Roof Corporation, and the same was being driven by the defendant J. L. Killingsworth by and with the consent of the American Asphalt Roof Corporation; therefore the negligence, if any, of the defendant J. L. Killingsworth would, in law, be the negligence of the defendant American Asphalt Roof Corporation, as well as the negligence of the defendant Killingsworth, and for which the defendant American Asphalt Roof Corporation would be equally liable with the defendant J. L. Killingsworth."

This left the appellant corporation in a situation where *any* negligence established against the driver of the car was held, as a matter of law, to be imputable to the owner of the car. By this instruction the court failed to distinguish and make clear to the jury the fact that the negligence of the driver of the car

for which the owner may be held liable under the statute must be proven by evidence that is *admissible as against the owner*. Liability of the owner cannot be established by evidence that is not competent as against said owner. The fact that the driver was joined as a party defendant did in no way affect the rule of law as to the character of proof necessary to establish the negligence of the driver and to bind the owner thereby. To illustrate: Let it be assumed that in this case the action had been brought against the owner alone, and that the appellee sought to prove the negligence of the driver solely by the statements and declarations of such driver. Clearly, under our repeated holdings, this would not be competent to bind the owner of the car; and if the appellee had no other proof of the negligence of the driver than his statements and declarations, the appellee would fail to make a case. See cases supra. The negligence of a driver for which the owner of a car is liable must be proven by evidence that is competent as against the owner of the car. The statement or declaration of the driver to the effect that he did a negligent act may be admissible and binding upon him, but it is not admissible as against the owner of the car. Applying these rules to the case at bar, we have a situation where the appellee offered evidence of declarations and statements of the driver of the car which were admissible against him, and which would tend to support the appellee's claim of a right of recovery against said driver. Counsel for appellee very properly conceded of record that said evidence was admissible only as against said driver, and was offered only as against him, and the court properly admonished the jury at the time that it should be considered only for said purpose. At this point the record is free from error. However, in the final submission of the cause to the jury, the court directed the jury, without any limitation, that the negligence of the driver, if any, would, in law, be the negligence of the corporation, for which the corporation would be equally liable with the driver. This was too broad a statement. To illustrate again: Let it be supposed that, on the trial of the case, the only evidence whatever as to the speed of the automobile was a declaration and statement by the driver of the car, not part of the *res gestae*. Said declaration and statement would be admissible against the driver of the car, to establish his negligence in the

matter of the speed of the car. However, if there were no other proof whatever of speed except the said declaration and statement of the driver, there would be no proof to submit to the jury to establish negligence regarding speed for which the owner would be liable. When a plaintiff undertakes to recover damages from the owner of a car because of the negligence of the driver, he must prove such negligence by evidence that is admissible against the owner. The statute does not change the common-law rule as to proof in this regard, and we have recognized and applied it in many cases. The fact that the appellee has seen fit to join the driver of the car with the owner as a party defendant, and has offered one line of testimony admissible against the driver and not admissible against the owner, and thereby procured a situation making it difficult for a trial court to properly analyze the situation and instruct the jury in regard thereto, does not, however, relieve the court from the burden of making such analysis and such correct instruction. The court in the instant case correctly admonished the jury to consider the testimony of the declarations and statements of the driver of the car as against him alone, and not against the corporation; but in Instruction No. 6, the court told the jury, in effect, that *whatever* negligence it found against the driver (even though established by evidence competent as against the driver alone, and not against the owner), was the negligence of the owner. This cannot be the true rule of law. The court, in this state of the record, should have clearly informed the jury that the driver might, by his own admissions or statements, establish his negligence and his liability therefor, but that, before the appellee could recover from the owner of the car for the negligence of the driver, such negligence must be established by evidence other and different from the declarations and statements made by the driver of the car. This the court failed to do, and the instruction given, in view of the entire record, could not have been otherwise than prejudicial to the appellants.

VIII. Other errors relied upon for reversal are urged by the appellants. In view of our pronouncements herein, they are not likely to occur upon a retrial of the case. For the rea-

sons pointed out, the judgment of the district court must be, and it is,—*Reversed.*

All the justices concur.