JAMES RAINEY, Appellant, v. ERNEST RIESE et al., Appellees.

No. 42334.

NOVEMBER 20, 1934.

REHEARING DENIED MARCH 18, 1935.

O. H. Allbee and Bradshaw, Schenk & Fowler, for appellant.

Lee, Steinberg & Walsh, for appellees.

CLAUSSEN, J.—The cars involved in this case were approaching each other on a gravel road near the top of a hill. It had been raining for more than a day. There was evidence in the case that the road was slippery. The automobiles were not traveling at a high rate of speed, but for some reason or other the left front wheels of the cars locked with each other, with the result that plaintiff sustained the injuries for which he seeks recovery. The defendant Ernest Riese was the owner of the car which collided with the one in which the plaintiff was riding as a passenger.' The Riese car was being driven by Arnold Riese with the knowledge and consent of its owner. Plaintiff sought recovery against both the owner and the driver. The action was tried to a jury which returned a verdict in favor of the defendants. From this judgment, plaintiff appeals.

Plaintiff alleged that the defendant driver was negligent in operating the car at a speed that was reckless and that failed to have due regard for the use of the highway by others and in driving so fast on the wet, slippery gravel and mud that he could not stop or control the automobile. He also alleged that the car was being so driven that it could not be stopped within the assured clear distance ahead and that the horn was not sounded upon approaching the top of the hill where the view was obscured. In the statement of the issues the trial court properly stated the claims of plaintiff in relation to the failure of the driver to sound the horn and to so drive the car that it could be stopped within the assured clear distance ahead, but, in stating the plaintiff's claim in relation to the operation of the automobile at a speed that was reckless and that failed to have due regard for the use of the highway by others and on the wet and slippery road, at such speed that the driver could not stop or control the car, the court told the jury that the plaintiff's claims were that the defendant's automobile was driven at a rate of speed that failed to have due regard for the use of the highway by others and so that it could not be stopped within the assured clear distance ahead. The court made no reference, in its statement of the issues, to the claims of plaintiff that the automobile was being driven at a reckless speed and on a wet and slippery road. Plaintiff's petition contained specifications of negligence other than those above referred to. Such specifications of negligence were withdrawn from the consideration of the jury and the jurors were instructed by the court that they were not at liberty to consider any allegations of negligence except those submitted in arriving at their verdict. The

result of the instructions as a whole was to take from the jury a consideration of the assignments that the defendant's automobile was driven at a reckless rate of speed over a wet and slippery road.

In instructing the jury upon the duty resting upon the defendant driver, the court told the jury that any person driving an automobile upon a highway is required to drive it at a rate of speed that is reasonable and proper having due regard to the traffic upon the highway. Nothing was said by the court in this instruction concerning the duty of the defendant driver to take into consideration the surface and width of the highway and any other conditions then existing, imposed by Code, section 5029. In view of the specific allegations of the petition that the defendant driver was operating the car at a reckless rate of speed and was driving it over a wet and slippery road so that it could not be stopped and was not under control, the substance of such allegations should have been included in the statement of the issues and the duties of the defendant driver, in such respects, should have been stated.

■ II. The court instructed the jury that before plaintiff could recover he must establish by a preponderance of the evidence that the defendant driver's negligence was the proximate cause of the injury. Plaintiff was not the driver of the car in which he was riding. A fact question existed as to whether the accident was not due to the negligence of the driver of the car in which plaintiff was riding. The court instructed the jury in effect that if the defendant driver was negligent in one or more respects claimed by plaintiff and such negligence was a proximate cause of the plaintiff's injury, the fact that the driver of the car in which plaintiff was riding was negligent and that his negligence was a contributing cause of the accident would not prevent recovery by plaintiff, but that such negligence would bar recovery if it was the sole proximate cause of the accident rather than a contributing or concurring cause. Appellant complains of these instructions on the ground that they placed upon him the duty of establishing that negligence on the part of the defendant driver was the sole and proximate cause of the accident. The particular complaint is addressed to the use of the word "the" in the sentence, "That such negligence * * * , was *the* proximate cause of the injury and damages of which plaintiff complains". It is plaintiff's contention that the court should have used "a" instead of "the". It was incumbent upon plaintiff to establish that negligence on the part of the defendant was a proximate

cause of the accident. It is conceded that it was not incumbent upon him to establish that negligence on the part of defendant was the sole and proximate cause of the accident. Reading the instructions as a whole, the jury could not understand that the duty rested upon plaintiff to establish that defendant's negligence was the sole cause of the accident. There is no merit in appellant's contentions in this respect.

III. One of the assignments of negligence was that the defendant driver failed to yield one-half of the traveled portion of the highway to the car in which plaintiff was riding. The court instructed the jury that a failure on the part of the defendant driver to so yield one-half of the traveled portion of the highway would be prima facie negligence. Appellant contends that the statute (Code 1931, section 5020) specifically imposes such duty upon the driver of a car. He contends that the rule laid down by this court in the case of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, exempts only driving on the wrong side of the road from the operation of the general rule announced in that case to the effect that a violation of a duty imposed by statute without lawful excuse is negligence. Appellant seeks to differentiate between driving on the wrong side of the road and failing to yield one-half of the traveled portion of the highway by turning to the right. It is entirely immaterial whether such distinction exists for the exception recognized in the Kisling case embraces a failure to yield one-half of the traveled portion of the highway by turning to the right. This is manifest from an examination of the cases upon which the exception is based.

Appellant assigns numerous other errors which will not arise upon a retrial of the case. For error pointed out in the first division of the opinion, the judgment of the trial court must be and is reversed.—Reversed.

Mitchell, C. J., and Stevens, Anderson, and Kintzinger, JJ., concur.

Evans, J., dissents.

Evans, J. (dissenting)—I am constrained to dissent from the foregoing opinion. I think the ground upon which it reverses the judgment below is untenable. Such ground is in substance that the court failed to submit to the jury the claim of recklessness as made in the petition of plaintiff.

I. It is very doubtful to say the least whether the petition pleaded recklessness as a ground of recovery and as distinguished from negligence.

This is not a "guest" case and a pleading of recklessness was not essential to plaintiff's recovery. What the plaintiff pleaded at this point was: "That the defendant driver was *negligent in operating the car at a speed that was reckless* and that failed to have due regard for the use of the highway by others," etc. The use of the word "reckless" at this point was merely descriptive of the negligence which was directly charged. Surely the language of the petition will bear such a construction and the court was justified in adopting it.

II. There is not a line of evidence that supports the claim, if such, of recklessness. In the "guest" cases we have defined recklessness as distinguished from negligence and have held that the distinction between the two must be apparent to the court to justify its submission to the jury. Shenkle v. Mains, 216 Iowa 1324, 247 N. W. 635, and cases therein cited. The alleged recklessness is predicated in the petition upon excessive speed. The majority opinion expressly finds that the "automobiles were not traveling at a high rate of speed." These automobiles met at the top of a hill on a graveled road and their left wheels became locked as they met. The hill was the obstruction to the view of each of them. Otherwise either one court have avoided the accident. There is no detailed fact pleaded or proved, which discloses or tends to disclose recklessness as distinguished from negligence. All the detailed facts pleaded are pleaded in support of the claim of negligence. It seems to me that the instruction of the court was adequate and that it presented no prejudicial error. I would affirm the judgment.