LLOYD CHRISTENSON et al., Administrators, Appellants, v. NORTHWESTERN BELL TELEPHONE Co., Appellee.

No. 43366.

DECEMBER 15, 1936.

Maher & Mullen and Senneff, Bliss & Senneff, for appellants.

H. A. Poley, and Parrish, Guthrie, Watters & Colflesh, and Senneff & Blackstone, for appellee.

ANDERSON, J.—Some time after noon on the 15th day of

December, 1933, the plaintiffs' decedent was riding in the front seat of an automobile driven by her husband, Carl Christenson, on United States Highway No. 18 at a point about three miles west of the city of Britt in Hancock county, Iowa. A truck owned by the defendant company was being operated at the same time and place and in the opposite direction to that of the automobile in which decedent was riding. The highway in question was paved eighteen feet wide and at the time referred to was icy and slippery. The automobile and truck came into collision at the point designated and, as a result, plaintiffs' decedent, and another lady riding in the rear seat of the Christenson automobile, were killed or received injuries from which they soon thereafter died. The plaintiffs bring this action for damages claimed to have been sustained by the estate of the decedent on account of her death, and allege that the collision occurred on account of the negligence of the driver of the defendant's truck, and that such negligence consisted of: (1) Failure to operate the truck in a careful and prudent manner. (2) That the driver of said truck did not have the same under control while traveling upon a public highway. (3) That the driver of the truck failed to turn to the right and give one-half of the traveled way when meeting the automobile of Carl Christenson. (4) That the driver of the defendant's truck failed to stop the same when he discovered the decedent in a place of peril and danger. (5) That the driver of the truck so operated the same as to move a trailer attached thereto, or permit the said trailer to swerve or move laterally across the highway and on the south side thereof so as to obstruct the traveled portion thereof. And the plaintiffs further claimed that the decedent was free from contributory negligence.

The defendant's answer was a general denial, and the further allegation that the operator of the automobile in which decedent was riding was operated in a careless and reckless manner, and that the same did not keep on the right side of the road and give one-half of the traveled way when meeting the defendant, and that when approaching the truck the automobile crossed over to the north side of the pavement and ran into and against the defendant's truck, and that the injuries sustained by the decedent were through her own fault and negligence, and not through any fault or negligence of the driver of the truck.

The issues thus joined were submitted to a jury and a ver-

dict was returned for the defendant company. Motion for a new trial and exceptions to instructions were overruled and the plaintiffs have appealed.

The evidence is in such hopeless conflict that it necessarily presents a jury question. The plaintiffs claim, and their evidence tends to prove, that the defendant's truck was being operated in a westerly direction at the time of the collision; that it was equipped with chains on the rear wheels; that it was an ordinary construction truck such as is used by the defendant company in repairing its lines and setting and resetting its poles. It had a crane or contrivance on the rear part to assist employees of the defendant in moving and erecting telephone poles. Attached to this truck was a two wheel trailer upon which there were ten or twelve poles from eighteen to twenty-five feet long securely bound to the trailer by chains. They were balanced on the trailer at about the center of the poles, the bed of the trailer being about six or eight feet long. The trailer was attached to the rear of the truck by a hook or clevis. The truck was being operated at a speed of from twenty to thirty miles per hour, and the trailer with its load of poles was swerving and swaying out of line with the truck proper, and at times the rear end of the poles swung across the center line of the pavement and on the south side thereof. The plaintiffs further claim, and Christenson, the operator of the automobile testified, that he was driving the automobile in an easterly direction at a speed of ten or fifteen miles an hour and on the extreme right-hand or south side of the pavement; that he saw the defendant's truck approaching him from the east when it was thirty or thirty-five rods distant; that the trailer with its load of poles was swerving or swaying and frequently went over the black or center line of the pavement to the south side; that the driver of the automobile slackened his speed but when he approached near the truck the trailer swung over in front of him so that he thought he would not have room to pass, and that he applied his brakes in an attempt to stop, and when he applied his brakes his car skidded and went across the road to the north and into collision with the front end of the truck. The defendant, on the other hand, claims, and there is evidence tending to support such claim, that the truck was being operated wholly on the north side of the pavement and at a speed of fifteen or twenty miles an hour, and that the trailer with its load of poles was so attached to the

truck that it did not swing or swerve and was not at any time across the center and on the south side of the pavement; that Christenson, the operator of the automobile, was driving with his right wheels off the pavement on the south side, at a speed of twenty or twenty-five miles an hour, and that in attempting to get back on the pavement the automobile skidded and swerved into the truck of the defendant.

There are several assignments of error most of which involve the correctness of the instructions submitting the case to the jury.

■■■ The appellants complain of the giving of instruction No. III, and this instruction is in the following language:

"The law provides that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing.

"The law further provides that motor vehicles meeting each other on the public highway shall give one-half of the traveled way thereof by turning to the right.

"This rule applies to the defendant and to the driver of the car in which Kate Christenson was riding at the time and place in question."

The complaint to this instruction is that under it the jury would be lead to believe that if the driver of the car in which decedent was riding was on the wrong side of the road that the decedent's estate could not recover, and in view of the fact that the evidence does show that the car was on the wrong side of the road at the time of the collision, that the instruction amounted to a mandatory direction to the jury to return a verdict for the defendant, and that the instruction entirely omits reference to a sudden emergency or excuse for the decedent's car being on the wrong side of the road.

The instruction complained of may be correct as an abstract proposition of law, but it cannot be said that stating such abstract proposition correctly without explaining its application would not result in misleading or confusing the jury in the face of the record in this case which, without question, shows that the decedent's automobile was on the wrong side of the road at the instant of collision. The fact too, that the automobile was on the wrong side of the road would not be negligence as a mat-

ter of law, but only prima facie evidence of negligence which might be overcome or explained. Hoover v. Haggard, 219 Iowa 1232, 260 N. W. 540. And at most it would be only prima facie evidence of negligence on the part of the driver and such would not be imputable to the decedent, unless it was shown that her negligence in some manner contributed to the position in which the automobile was at the time of the collision. The purpose of an instruction is to inform the jury as to the law which governs the rights of the parties under the peculiar facts and circumstances existing in the particular case. And it often occurs that a correct statement of an abstract proposition of law may, without explanation or direction for its application, serve to mislead and confuse the jury. Another matter which was in the case and was not explained by the court in any of its instructions was that the driver of the defendant's truck failed to stop his truck when he discovered, or should have discovered, the decedent in a place of danger. We are inclined to the conclusion that the exceptions to this instruction were well taken, and that the giving of the instruction without further amplification or explanation was error.

■■■ Appellant further complains as to the giving of a part of instruction No. VI. It had been stipulated that the truck involved in the collision was owned by the defendant company, and operated by its employee, T. W. Dennis, and in instruction No. VI, the court stated, ''Under the stipulation in the last paragraph above, the defendant is liable to plaintiffs for any liability if any, of the driver of said truck on account of his negligence, if any, in the operation of said truck at the time and place in question.'' The language of this part of the instruction is unfortunate in using the word ''liability'' instead of negligence. The jury should have been told plainly that the negligence of the driver, Dennis, would be the negligence of the defendant company. The driver was not a party to the action and no liability could be found to exist as to him, but through his negligence the defendant company might be held liable. We think the use of the language might serve to confuse and mislead the jury. It might be concluded that the defendant company was not liable for the negligence of its driver but only as an indemnitor of the driver.

■■■ The appellant next complains of the giving of instructions VII, X, and XI, and these instructions were as follows:

Instruction No. VII. "If you find from the evidence that the collision in question was a pure accident and not the result of the negligence of anyone, then your verdict should be for the defendant."

Instruction No. X. "Where one is confronted with a sudden peril or emergency, it is not necessarily negligence on his part if he takes the more dangerous of the two or more means to avoid an injury and each party must be charged as to his or her conduct in view of the emergency, but the one who negligently creates the emergency cannot hold the other responsible for conduct produced thereby. *If neither created an emergency, it is a result of pure accident and no one is liable therefor."* (Italics supplied.)

Instruction No. XI. "If you find from all the evidence that the injuries of the plaintiffs' decedent were the result of an accident, that is, an unexpected and unforeseen occurrence not caused by the negligence of the defendant, then the plaintiffs cannot recover damages and your verdict should be for the defendant. The fact that a collision occurred raises no presumption of negligence of anyone."

Instruction No. VII quoted above is not, in and of itself, subject to criticism. However, if read in connection with instructions Nos. X and XI it would serve to mislead and confuse the jury. Instruction No. X telling the jury in plain language that if an emergency was not created the collision was the result of a pure accident for which no one would be liable. This was further emphasized in instruction No. XI, where the court told the jury that if the injuries of the decedent were the result of an accident that plaintiffs could not recover. In instruction No. X, the court plainly told the jury that if neither the driver of the truck nor the automobile created an emergency then the resulting damages were caused by a pure accident and no one could recover. These instructions seem to entirely exclude the theory of negligence, and that the jury so interpreted them is evidenced by the verdict returned by the jury. The verdict submitted by the court to the jury was as follows: "We, the jury, find for the defendant." This verdict was signed by the foreman with an addition thereto as follows: "Signed, Evelyn J. Burgess, foreman. Instruction No. VII." The jury could have concluded, and no doubt did so conclude, that the collision was a pure accident, and that if it was so caused as stated in instruction No. X,

"Neither created an emergency, it is a result of pure accident and no one is liable therefor."

The court should have gone further in instruction No. X and told the jury that if there was an emergency and it was occasioned by the defendant, the defendant would be liable. In other words, if the emergency is one which a reasonably prudent and careful man should have anticipated and avoided, then the failure to so anticipate and avoid would be negligence.

In Keller v. Gartin, 220 Iowa 78, 83, 261 N. W. 776, 779, an instruction under consideration was as follows:

"The defendant would not be liable for the happening of an accident without negligence on his part, and if you find from the evidence that the damages to the plaintiff were the result of an accident, that is, an unexpected and unforeseen occurrence not caused by the negligence of the defendant, then your verdict should be for the defendant."

A part of this instruction was copied by the trial court in the instant case and given to the jury as instruction XI. In criticizing this instruction, Mr. Justice Donegan, in the cited case, used the following language:

"Under the evidence in this case the collision occurred because of the negligence of the plaintiff or because of the negligence of the defendant, or because of the negligence of both of them, and we think that, in using the instruction in question, the court injected into the case a question which was not warranted by the evidence."

Instructions Nos. VII and XI when read in connection with instruction No. X injected a question in the case which necessarily would lead to confusion on the part of the jury, and in connection with the last sentence of instruction No. X to the effect that if an emergency was not created the collision was the result of a pure accident and no one could recover, resulted in a mandatory instruction to the jury to return a verdict for the defendant.

Under the evidence in this case the collision occurred either because of the negligence of the plaintiff or because of the negligence of the defendant, or because of the negligence of both of them, and no emergency was created unless it was by the act of the driver of decedent's car in an attempt to avoid an impending

danger or peril caused by the negligence, if any, of the driver of defendant's truck. We conclude that the giving of these instructions was error and prejudicial to the plaintiffs.

Some other instructions are complained of, and other assignments of error are made as to the introduction of the testimony. These will probably not occur in the retrial of the case and we will not extend this opinion further to notice them.

For the reasons indicated it must be held that the court erred in not sustaining plaintiffs' motion for a new trial, and this results in a reversal.—Reversed and remanded.

PARSONS, C. J., and MITCHELL, DONEGAN, RICHARDS, KINTZINGER, ALBERT, and HAMILTON, JJ., concur.