## BRINEGAR v. GREEN et ux.
### No. 11804.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1941.

318

Philip H. Cless, of Des Moines, Iowa (Hallagan, Fountain, Steward & Cless, of Des Moines, Iowa, and Smith & O'Connor, of Dubuque, Iowa, on the brief), for appellant.

F. S. Fillmore, of Des Moines, Iowa (Kenline, Roedell & Hoffmann, of Dubuque, Iowa, and Putnam, Putnam, Fillmore & Putnam, of Des Moines, Iowa, on the brief), for appellees.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The plaintiff appeals from a judgment upon a verdict directed for the defendants in an action for damages for personal injuries sustained by plaintiff in an automobile collision between the Plymouth car owned and operated by the plaintiff's husband and a Dodge car operated by the defendant Mrs. K. M. Green, with the consent and permission of the owner, the defendant K. M. Green. The single question presented is whether the District Court erred in directing a verdict for the defendants.

The accident occurred at about 11 o'clock on the morning of March 29, 1939, on U. S. Highway No. 6, approximately nine miles southeast of Grinnell, Iowa. At that point the highway is level and straight. The road is paved. At the time of the accident the temperature was near the freezing point and a heavy snow was falling. The pavement and shoulders were covered with snow and slush to a depth of an inch and a half to two inches. The plaintiff submitted evidence that the edges of the pavement were clearly distinguishable, that car tracks were visible on both sides of the roadway, and that the black center line could be seen at some points.

The plaintiff's husband, Dr. Willard C. Brinegar, with whom plaintiff was riding, testified that prior to the collision he was driving east on his own or the south half of the pavement. Both windshield wipers on his car were working and he was proceeding at a rate of from 20 to 30 miles an hour. He saw the defendants' car approaching from the east on its own or north side of the highway. He noticed nothing unusual about its operation when he first saw it. With reference to the collision his testimony is that just before the two cars "would have met" and passed, the defendants' car turned at right angles to the pavement and swung in front of his car. He stated that he applied his brakes when he saw the other car coming across the road but that he did not have time to turn either to the right or left before hitting it.

The plaintiff testified that she was looking over the fields to her right and did not see the approach of the Green car. Her attention was first called to it when her husband warned her to brace herself. She stated that she then turned and saw the Green car headed south across the highway; and that she did not have time to brace herself before the collision occurred.

Aside from the occupants of the two cars involved in the collision the plaintiff's witness, Earl McKeag, was the only eyewitness to the events immediately preceding the accident. He stated that he was sitting in the front room of his farm home located some 50 to 100 feet south of the highway and a short distance east of the point of the collision. He testified that he glanced out of the front window and first noticed the Green car proceeding west at a point on the highway a few feet west of the house; that it was on the north or right shoulder of the highway traveling at a rate of speed of from 35 to 40 miles an hour; that he watched it for a distance of from 50 to 100 feet; that it then "whipped around and crashed"; that he heard the crash but could see only the back end of the Green car as his view to the west was then cut off by a row of evergreen trees west of his home; and that the Green car had not stopped from the time that he first saw it until he heard the crash of the collision.

The plaintiff's evidence is contradicted by the defendants' testimony in respect to the visibility of the pavement, the speed of the defendants' car, and the circumstances surrounding the accident. Mrs. Green, corroborated by another occupant of the car, testified to the following facts: She was driving west on the highway at a rate of

from 15 to 20 miles an hour. A heavy snow storm was in progress and large wet flakes of snow were hitting against the windshield of her car. The right windshield wiper had been turned off but the wiper on the left side was working and visibility was perfect through that portion of the windshield. The pavement and the shoulder were covered with snow and at the point of the collision the edge of the pavement could not be distinguished from the shoulder of the road. As she approached the point of collision the right rear wheel of her car slipped off the pavement. She immediately applied the brakes and turned the front wheels to the left so as to get back on the pavement. After traveling 15 or 20 feet the car abruptly turned across the pavement and stopped on the south side with the rear· wheels about the center of the pavement. After her car had come to a stop she turned to her left or the east and looked to see whether it was safe to back on to the right side of the highway. She then looked to the west and saw the headlights of the Brinegar car coming out of the storm about 175 to 200 feet away. She tried to shift to reverse gear but her car was struck on the right side before she was able to complete the operation. About two or three seconds elapsed from the time that she first saw the lights of the Brinegar car until the collision.

There is no dispute in the testimony as to the position of the cars immediately after the collision. Neither car overturned. The car in which plaintiff was riding remained on its own or the south side of the pavement pointed toward the east. The defendants' car was on that side, crosswise in the highway with its rear wheels near the center line and its front end pointed south on or near the south shoulder of the road. The two cars had bounced apart and some 5 to 8 feet separated one from the other.

In her complaint the plaintiff alleged that the defendant Mrs. K. M. Green was negligent in the following particulars: (1) In failing to have her automobile under control; (2) in failing to keep a proper lookout; (3) in driving at a high and dangerous rate of speed under the circumstances; and (4) in failing to yield one-half of the traveled way to the automobile in which plaintiff was riding.

The District Court refused to submit the issues to the jury on any of the grounds of negligence charged in the complaint. In sustaining the defendants' motion for a directed verdict the court held that when the rear wheel of her car slipped off the pavement Mrs. Green was confronted with an exigency, presenting imminent danger of disaster, which required her immediate and concentrated attention to bring the car back on the pavement. With respect to the first ground of negligence charged the court held that there was no evidence that the car was not under control and that the failure to control the traction of the car on the slushy pavement during an unusual exigency was not negligence as a matter of law. As to the second ground the court held that in view of the necessity for the driver's concentration in righting the car a failure to see an approaching car could not be "attributed as negligence." As to the third ground the court held the undisputed evidence was that the car was stopped within 14 or 15 feet after it came off the north shoulder and it was therefore impossible to conceive that it had been moving at a high and dangerous rate of speed. And as to the fourth ground the court held that the evidence was undisputed that the Green car was at rest at the time of the approach of the Brinegar car and under these circumstances the requirement of yielding one-half of the traveled way had no application.

In so ruling we think that the court was in error. The determination of the existence of negligence where the evidence is conflicting or the undisputed facts are such that fair-minded men may draw different conclusions from them is a question of fact for the jury and not one of law for the court. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Vass v. Martin, 209 Iowa 870, 226 N.W. 920. In passing upon the motion for a directed verdict the District Court was required to view the evidence and all inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff. Adams v. Barron G. Collier, Inc., 8 Cir., 73 F.2d 975, 977; Bauer v. Reavell, 219 Iowa 1212, 260 N.W. 39, 41. So viewed the plaintiff was entitled to the submission to the jury of three of the four grounds of negligence charged in the complaint.

The first ground of alleged negligence is that the defendant Mrs. Green was negligent in failing to have her automobile under control. Under the law of Iowa here

applicable a car is under control "if it is moving at such a rate and the driver has the mechanism and power under such control that it can be brought to a stop with a reasonable degree of celerity." Duncan v. Rhomberg, 212 Iowa 389, 236 N.W. 638, 643; Hanson v. Manning, 213 Iowa 625, 239 N.W. 793. And the ability to increase or decrease speed and to change the course of the car to avoid a collision may properly be involved in the question of control. Johnson v. Kinnán, 195 Iowa 720, 192 N. W. 863; Duncan v. Rhomberg, supra. Clearly, the plaintiff's evidence would warrant a jury in finding that the defendant Mrs. Green did not have her car under such control that it could be stopped with a reasonable degree of celerity and that she had lost the power to change its course to avoid a collision. There was testimony that the Green car traveled on the right shoulder of a slippery highway for a distance of 50 to 100 feet at a speed of 35 to 40 miles an hour and then suddenly whipped crosswise in the highway, directly in front of the approaching Brinegar car, without stopping prior to the collision. On facts very similar to those here presented the Supreme Court of Iowa held that the question of negligence was one for the jury. McDermott v. Johnson, 193 Iowa 19, 186 N.W. 630. That decision is controlling in the instant case.

 .The ruling of the District Court that Mrs. Green was confronted with an unusual and dangerous exigency and that in these circumstances her failure to control the car on the slippery pavement was not negligence as a matter of law is clearly erroneous. Irrespective of the slippery condition of the pavement she was responsible for the control of her car and was required to use care commensurate with the dangerous condition of the highway. Young v. Hendricks, 226 Iowa 211, 283 N. W. 895, 898; Evans v. Muscatine Bridge Corporation, Iowa, 293 N.W. 470, 474. Whether she was exercising ordinary care in the circumstances was a question of fact for the jury; and this is true even if it be assumed that she was faced with a sudden emergency when the right rear wheel of her car left the pavement. Cooley v. Killingsworth, 209 Iowa 646, 228 N.W. 880, 882; Christenson v. Northwestern Bell Telephone Co., 222 Iowa 808, 270 N.W. 394; Hanson v. Manning, 213 Iowa 625, 239 N.W. 793, 796; 42 C.J. 890. When the

rear wheel of her car slipped off the pavement her own testimony is that she applied her brakes and turned to the left; and this was done on a slippery pavement with the Brinegar car approaching to pass on her left, if the plaintiff's testimony is believed. That her car would skid across the highway scarcely could have been an unexpected result of that course of action. Undoubtedly, it would have warranted the jury in finding that she negligently lost control of her car and that in the circumstances ordinary prudence dictated that she turn the front wheels of her car slightly to the right, release the throttle, and slow down until she could regain the pavement in safety.

 The complaint charges that Mrs. Green was negligent in the second place in failing to keep a proper lookout. We find no evidence, direct or inferential, that the accident was the result of a failure to keep a lookout. See Hartman v. Lee, 223 Iowa 32, 272 N.W. 140, 143. The plaintiff relies upon Pazen v. Des Moines Transp. Co., 223 Iowa 23, 272 N.W. 126, but the facts in that case are not similar to those involved here. The court did not err in refusing to submit the second alleged act of negligence to the jury.

 The third ground of negligence alleged is that Mrs. Green was driving at a high and dangerous rate of speed under the circumstances. Section 5023.01 of the 1939 Code of Iowa, in force as section 5029 of the 1935 Code at the time of this accident, provides as follows: "*Speed restrictions.* Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

Under this statute the slushy condition of the highway, the view ahead, the evidence of the imminent approach of the Brinegar car, McKeag's testimony that the Green car was traveling at a rate of 35 to 40 miles an hour, and the defendants' testimony that its speed was but 15 to 20 miles an hour, were all proper matters for consideration. The physical facts are not so

conclusive as to compel a disregard of the plaintiff's evidence. Whether Mrs. Green was driving "at a careful and prudent speed" under the circumstances was clearly a question to be determined by the jury. Rainey v. Riese, 219 Iowa 164, 257 N.W. 346; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393, 395; Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 265 N.W. 143, 146.

 Finally, the plaintiff alleges that Mrs. Green was negligent in failing to yield one-half of the traveled way. Section 5024.02 of the 1939 Code of Iowa, formerly section 5020 of the 1935 Code, provides as follows: *"Meeting and turning to right. Persons on horseback, or in vehicles, including motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right."*

The violation of this statute is prima facie evidence of negligence which may be overcome or explained by the defendant. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Christenson v. Northwestern Bell Telephone Co., 222 Iowa 808, 270 N.W. 394, 397; Cooley v. Killingsworth, 209 Iowa 646, 228 N.W. 880, 882. It has been held, however, that the statute is not applicable to a car that is not moving or meeting another vehicle. Engle v. Nelson, 220 Iowa 771, 263 N.W. 505, 512. The District Court was of the opinion that the evidence was undisputed that the Green car had stopped prior to the collision and that the statute was therefore inapplicable. This ruling was erroneous as the evidence was conflicting on this issue. Mrs. Green's testimony was that she had come to a stop a few seconds before the collision occurred. Dr. Brinegar testified that her car swung across the path of his car immediately in front of him. McKeag testified that the Green car whipped around and crashed without stopping prior to the collision. The issue clearly was one for the jury to determine. Cooley v. Killingsworth, supra; Christenson v. Northwestern Bell Telephone Co., supra.

 The plaintiff was entitled to have the question of her freedom from contributory negligence submitted to the jury. Johnson v. Overland Transp. Co., 227 Iowa 487, 288 N.W. 601; Schwind v. Gibson, 220 Iowa 377, 260 N.W. 853, 858.

The judgment is reversed and the cause remanded with directions to grant a new trial.