ANTON ED ALQUIST v. EAGLE IRON WORKS, Appellant.

**Master and Servant:** EVIDENCE: AGENT'S DECLARATIONS. In a personal injury action, the statements of an agent of the defendant relating to the accident, not made while engaged in, the performance of some duty pertaining to the matter to which the statements relate, and which involve a conclusion that the plaintiff was not guilty of negligence, were inadmissible in proving plaintiff's case and are held prejudicial, although under the record the same were competent on rebuttal.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

WEDNESDAY, NOVEMBER 23, 1904

SUIT to recover for personal injuries received while in the service of the defendant. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Reversed.*

*Dale & Harvison,* for appellant.

*Edmund H. McVey* and *John G. Park,* for appellee.

SHERWIN, J.— This is an ordinary personal injury action, presenting the usual questions of negligence and contributory negligence, assumption of risk, correctness of the instructions, and assailing two rulings upon the introduction of evidence. Notwithstanding the simple character of the action, and the frequency with which the controlling questions involved are presented to this court, counsel for the appellant, with great labor and ability, have argued the case in chief in an argument of two hundred and fifty-three pages of solid matter, and in reply in thirty-five pages. The principal argument makes no pretense of complying with the rule

relating to the presentation of cases in this court, and the reply is but a feeble attempt in that direction. We assume that the main argument was prepared and printed before the publication of the rules in November, 1903, although it was not filed until the 9th of February, 1904; otherwise we should strike it from the files and affirm the case because not properly argued. As it is, we shall determine but one question presented, and shall tax a part of the cost of printing the arguments to the appellant, because of their unnecessary length.

The defendant is a corporation operated through its agents and the plaintiff at the time of his injury was employed to operate a stationary engine which was used for running the machinery in its foundry. He was directed by the appellant's manager to move a certain fan which was run by a belt, and in doing so he received the injury in question. On the same day, but several hours thereafter, and after the plaintiff had been removed to his own home, his wife went to the manager's office for the purpose of collecting the wages then due to the plaintiff for past services; and while there she was told by said manager, in answer to her question whether it was her husband's " fault that he got hurt," that it was not; " that he couldn't do it any other way. He was told to fix that thing." This conversation the plaintiff's wife was permitted to detail to the jury in her examination in chief, over the objection of the appellant. It is manifest that this statement of the manager had no relation to the payment of the money then due for the husband's services, and that it was incompetent, under the general rule, and under our own holding in *McPherrin v. Jennings,* 66 Iowa, 622. The latter part of the statement would have been competent in rebuttal of the testimony of the manager that he did not direct the plaintiff to move the fan, and were this, in effect, all that the statement amounted to, we would not reverse the case on account of the ruling, because it would then be a question of the order of introducing testimony, and nothing more. But

the statement was much broader than this, and involved his conclusion that the plaintiff was not guilty of contributory negligence in obeying his orders and in doing the work. That it was prejudicial to the appellant is clearly apparent.

To return to the appellant's arguments, we think it should be taxed the cost of printing at least two hundred pages thereof, and it is so ordered.

For the error in admitting the testimony referred to, the case is *reversed*.