ALBIN G. LANTZ, administrator of estate of Mildred F. Lantz, deceased, appellant, v. CLARENCE COOK, d/b/a The Royal Cab company, et al., appellees.

No. 51236.

(Reported in 127 N.W.2d 675)

APRIL 8, 1964.

Eckerman, McFerren & Fair, of Davenport, for appellant.

Kopf & Christiansen and Margaret Stevenson, all of Davenport, for appellees.

SNELL, J.—This is an action at law for wrongful death and

automobile damage resulting from an intersection collision of motor vehicles.

Plaintiff is the administrator of the estate of Mildred F. Lantz. Defendant, Clarence Cook, was the owner, and defendant, Norman S. Agnew, the driver for hire, of a taxicab in Davenport.

On December 24, 1961, plaintiff's decedent, operating her own automobile, was driving north on Main Street. Defendants' cab was traveling east on Fourteenth Street. Somewhere near the center of the intersection of the streets the vehicles collided. Both vehicles were damaged. Plaintiff's decedent suffered injuries from which she died.

Plaintiff's claim for damage to decedent's estate and the counterclaim of defendant Cook for damage to his cab, including loss of use, were, under appropriate instructions, submitted to a jury. Plaintiff's specifications of negligence against defendants as submitted included lack of control, failure to yield right-of-way, failure to keep proper lookout, and failure to obey a stop sign.

Counterclaimant's specifications of negligence against plaintiff's decedent as submitted included speed in excess of that permitted by statute, failure to reduce speed when approaching an intersection, lack of control, and failure to keep a proper lookout.

The necessary instructions on essential propositions, including negligence, proximate cause, contributory negligence and damage, were given and are not now challenged.

At the close of the evidence motions for directed verdict against plaintiff's claim and against defendant's counterclaim were made and overruled.

The jury returned a verdict for defendants thus denying recovery on both claim and counterclaim.

Plaintiff's motions for judgment notwithstanding the verdict and for new trial were overruled. Plaintiff has appealed claiming error in the trial court's refusal to grant a new trial. The jury having denied recovery we have no issue as to damage.

The issues in the trial court were the ordinary issues arising from an intersection collision. There is no claim of error in reception or rejection of evidence or in the instructions. It is

not seriously contended that a jury question did not exist. Plaintiff-appellant contends that a new trial should be granted to effectuate substantial justice.

I.   The problem before us does not require recital of the evidence.

There was evidence consisting of testimony, plats and physical facts from which a jury could find that either or both drivers were negligent. Some of the evidence was rather weak but its weight and credit was for the jury. In a situation such as we have here unless someone was negligent in at least one of the particulars alleged the collision would not have occurred.

The verdict of the jury was necessarily based on a finding that both drivers were proximately or at least contributorially negligent.

Defendant Agnew was an employee of defendant Cook. His negligence would be imputed to his employer. There was no confusion on that issue.

II.   The chief ground on which plaintiff's motions were based and to which argument in the trial court and here has been directed is that the verdict does not effectuate substantial justice. The argument for reversal is based on the fact that the able and experienced trial court expressed dissatisfaction with the verdict. That dissatisfaction, however, did not prompt the court to grant a new trial.

We quote excerpts from the exhaustive and well-reasoned ruling of the trial court:

"The Supreme Court of this state has stated in innumerable cases, commencing with McKay vs. Thorington, 15 Iowa 25, that the Trial Court is vested with a large discretion in passing upon motions for a new trial and this discretion will not be interfered with, especially when a new trial is granted, unless it appears that there has been an abuse of this discretion. However, the Court has repeatedly said that this discretion should not be exercised unless there are valid grounds for its use, and that such discretion is not based merely upon the opinion of the Court that the verdict should have been other than that returned by the jury. * * *

"At the hearing on these motions the Court expressed his dissatisfaction with the verdict. Since the hearing the Court has had read to him the testimony of the two witnesses, namely, the defendant cab driver, Norman S. Agnew, and his passenger, James Lee Willis, and has examined the exhibits which were offered in evidence, and such reconsideration of the record has not changed the Court's views. * * *

"It was not seriously contended by counsel for either of the parties that the case was one which should not be submitted to the jury and plaintiff took no exceptions to the instructions as given by the Court, nor was there any serious objection to the admission of evidence in the course of the trial. In other words, the evidence presented a question of fact to be determined by the jury, and was not seriously denied by counsel. * * * Plaintiff's motion, therefore, as heretofore stated, is based almost entirely upon the proposition that the verdict did not effectuate substantial justice. * * *

" 'That courts have no right to set aside the verdict of a jury through mere caprice or whim, or to reweigh the evidence submitted, or sit in judgment on the credibility of witnesses, is too well recognized to need argument.' * * *

"In this case the Court is firmly convinced that the issue of facts presented by the record is one which should be decided by the jury, and since it is the duty of the jury under the law to determine the credibility of the witnesses and the weight to be given to their testimony, this Court does not feel that the Record as made would justify any interference by it in such verdict, no matter how much the Court might disagree therewith. This Court does not feel that it can properly be said that the verdict has no support in the evidence, and the fact that the Court might have reached a different conclusion does not justify an interference in such verdict. Upon the whole record the Court is satisfied that both parties had a fair trial, that the case was properly submitted to the jury upon the issues presented by the evidence and the pleadings, and that an interference by this Court in the result is not warranted."

We agree.

We find no case among the authorities cited or coming to

our attention where we reversed the trial court for denying a new trial when there was no error claimed, no exceptions and nothing but an express thought that the court would have reached a different conclusion.

In ruling upon motions for new trial the trial court has a broad, but not unlimited, discretion in determining whether the verdict effectuates substantial justice between the parties. Citations unnecessary. Rule 344(f)3.

In jury trials controverted issues of fact are for the jury to decide. That is what juries are for. To hold that a judge should set aside a verdict just because he would have reached a different conclusion would substitute judges for juries. It would relegate juries to unimportant window dressing. That we cannot do.

The respective duties of trial judges and juries have been so repeatedly analyzed that discussion here would serve no useful purpose.

The record discloses no prejudicial error in the trial. The verdict was within the evidence. The jury has spoken. The parties had a fair trial. The court may not arbitrarily substitute its opinion for the conclusion of the jury. The trial court was right.

The case is—Affirmed.

All JUSTICES concur.