**Louis PEDERSEN, Jr., Appellee,**

v.

**Terry Lynn KUHR et al., Appellants.**

**No. 55087.**

Supreme Court of Iowa.

Oct. 18, 1972.

Raun, Franck, Mundt & Nepper, Denison, for appellants.

Jones, Cambridge, Carl & Feilmeyer, Atlantic, for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

This action arose from a motor vehicle collision. At the close of all evidence the trial court directed a verdict in favor of plaintiff on his claim and against defendants on their counterclaim. We reverse.

"In considering the propriety of a motion for directed verdict the court views the evidence in the light most favorable to the party against whom the motion was

made." Rule 344(f)(2), Rules of Civil Procedure.

Driving his truck at 45 to 50 miles per hour, plaintiff proceeded north on a gravel road toward an intersection with a dirt road. Traffic entering the intersection from the dirt road was controlled by a stop sign. The defendant, Terry Lynn Kuhr, as employee of the defendants Francis Wise, George Wise and Paul Wise was driving a farm tractor pulling a loaded feed-wagon east on the dirt road toward the same intersection. Driving was very hazardous by reason of extremely icy conditions.

Kuhr's eastbound approach to the intersection was up a steep incline. Upon this approach the topography allows good visibility toward the north but severely limited visibility toward the south. Kuhr had to be at or in the intersection itself in order to see traffic coming from the south. Northbound traffic approaching the intersection on the gravel road has approximately 400 feet of visibility to the intersection.

Upon arriving at the intersection Kuhr stood up on his tractor, looked both ways, and kept going at a speed of approximately five miles per hour. He did not stop at the stop sign but looked both ways again as he passed it. It was not until he got halfway through the intersection and again looked north and south that he saw the truck coming over the hill. He was still standing at the time. His efforts to get the feed-wagon off the road were unsuccessful although he was past the center of the intersection at the time of the collision. Plaintiff stepped on his brakes some 150 feet from the intersection but slid on the ice the rest of the way sideways without slowing down. The impact was approximately in the center of the east-west roadway but mostly in the west half of the north-south roadway. There was no dispute as to the damages to either vehicle.

Plaintiff brought this action for damages to his truck. Defendant-owners counter-claimed for damages to their tractor and feed-wagon. In defending both parties asserted the affirmative defense of contributory negligence.

Defendants freely admit their driver was negligent in having failed to stop at the stop sign before entering the intersection. However they deny this negligence was shown as a matter of law to be a proximate cause of the accident. Moreover they complain of the court's refusal to submit their claims of negligence and proximate cause on the part of plaintiff. These claims are at once the basis of defendants' affirmative defense and counterclaim.

I. The court was in error in directing a finding that Kuhr's negligence was a proximate cause. It is claimed the action was justified by reason of an admission made in the following question and answer:

"Q. Terry, if you had come to a complete stop there at the intersection, would there have been a collision? A. No." By reason of this admission we are asked to distinguish this case from Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47. The admission will not justify such a distinction.

■■■ Without implying we must, we pass the question of whether Kuhr's admission was binding on the other defendants. In doing so we note an agent's own competent admissions are available against him in a negligence action. Allen v. Barrett, 100 Iowa 16, 69 N.W. 272. They are not ordinarily binding against his employer. 31A C.J.S. Evidence § 343, pages 834, 837; Alquist v. Eagle Iron Works, 126 Iowa 67, 101 N.W. 520. Similarly admissions of a motor vehicle driver, not a part of the res gestae, are not admissible against the owner. Wilkinson v. Queal Lumber Co., 208 Iowa 933, 226 N.W. 43; Cooley v. Killingsworth, 209 Iowa 646, 228 N.W. 880; Looney v. Parker, 210 Iowa 85, 230 N.W. 570; Wieneke v. Steinke, 211 Iowa 477, 233 N.W. 535.

 We rely on a broader failure. The admission does not amount to a concession of proximate cause. We approve the following statement appearing in Restatement (Second) of Torts, section 431, comment (a) at 429:

"In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. * * * (T)his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

In establishing proximate cause it was necessary but not sufficient for plaintiff to show the accident would not have happened but for the admitted negligence. Such a showing did not establish proximate cause as a matter of law. The court was in error in holding it did.

 The trial court was also in error in directing a verdict against defendants on their counterclaim. The obligations of a driver proceeding on a protected highway with traffic approaching covered intersections were explained in detail in Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47, supra. Under the rules outlined in that opinion defendants were entitled to have the jury consider their counterclaims on their claim of plaintiff's negligence in failing to have his motor vehicle under control, in driving at an excessive speed under the conditions then existing and in failing to maintain a proper lookout. The cause accordingly must be and it is

Reversed and remanded.