Sheila D. JOHNSON and Duane G. Johnson, Appellants,

v.

Pamela D. JUNKMANN and James L. Junkmann, Appellees.

No. 85–1556.

Supreme Court of Iowa.

Nov. 12, 1986.

David S. Wiggins of Williams, La Marca, Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellants.

Harry Perkins III and Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

Plaintiffs Sheila D. Johnson and Duane G. Johnson appeal from a trial court judgment entered in favor of defendants Pamela D. Junkmann and James L. Junkmann in an auto collision case. We reverse and remand with directions.

Many of the facts relevant to this case are undisputed. For clarity we will refer to Sheila D. Johnson (Johnson) and Pamela D. Junkmann (Junkmann) as the only parties to this action, because they were the drivers of two of the cars involved in the collision. The site of the October 12, 1982, collision was Southwest Ninth Street, in Des Moines, approximately one block south of the intersection of Southwest Ninth and Park Avenue. At that point, Southwest Ninth is four lanes wide with two south-bound and two northbound lanes. Just south of the collision site, the left of the two southbound lanes was closed because of construction. Although traffic was quite heavy at the time, lighting was good and weather conditions were normal.

Junkmann's automobile was positioned in the left of the two southbound lanes just north of the construction zone. All four wheels of the car were to the right of the center line separating southbound and northbound traffic. Junkmann had activated her left turn signal and was waiting for traffic to clear so she could turn left across the two northbound lanes of Southwest Ninth into a church driveway.

While so situated, Junkmann's automobile was struck on the right rear corner by a southbound car driven by James Fine. The Junkmann vehicle was propelled southeasterly across the center line and into oncoming traffic where it immediately collided with a northbound automobile driven by Johnson. The latter suffered various injuries in the collision.

Johnson subsequently filed this tort action against Junkmann for damages. No claim was made against Fine, who previously had entered into a settlement agreement with Johnson and had been released from liability. Junkmann's answer denied liability and affirmatively alleged any fault on her part was legally excused by the doctrine of sudden emergency.

Following trial, the jury returned a verdict in favor of Johnson. In a special verdict, the jury found both Junkmann and Fine at fault and determined the fault of each was a proximate cause of Johnson's injuries. The jury found Johnson sustained $75,000 in damages and that her husband sustained $1000 in damages. Finally, the jury, which was instructed under the Iowa Comparative Fault Act, Iowa code §§ 668.-1–.10 (1985), assigned three percent of the fault to Junkmann and ninety-seven percent of the fault to Fine.

Trial court subsequently granted Junkmann's motion for judgment notwithstanding the verdict and dismissed Johnson's

petition. The court gave three reasons for its decision. First, trial court found the record contained no substantial evidence of fault on the part of Junkmann. Second, even if fault reasonably could be found, this fault, as a matter of law, was legally excused under the doctrine of sudden emergency. Third, regardless of fault or legal excuse, any fault not legally excused was not, as a matter of law, a proximate cause of Johnson's injuries.

On appeal, Johnson raises two issues. First, she challenges trial court's grant of judgment notwithstanding the verdict, asserting the record contains substantial evidence to support the jury's verdict. Second, Johnson contends the Iowa Comparative Fault Act is inapplicable to this case and thus challenges as erroneous trial court's decision to instruct the jury under this Act. We first address Johnson's challenge to trial court's grant of judgment notwithstanding the verdict.

I. Questions of fault and proximate cause are questions of fact, and only in exceptional cases may these questions be taken from the jury and decided as a matter of law by this or any other Iowa court. Iowa R.App.P. 14(f)(10); *see Henkel v. R & S Bottling Co.*, 323 N.W.2d 185, 188 (Iowa 1982). In reviewing trial court's grant of judgment notwithstanding the verdict, we view the evidence in the light most favorable to the jury's verdict and indulge every reasonable inference to be drawn from the evidence in favor of that verdict. *See Kurth v. Van Horn*, 380 N.W.2d 693, 695 (Iowa 1986); *Nichols v. Westfield Industries*, 380 N.W.2d 392, 398 (Iowa 1985); *Loudon v. Hill*, 286 N.W.2d 189, 192 (Iowa 1979); *Paulsen v. Des Moines Union Railway*, 262 N.W.2d 592, 594 (Iowa 1978). If in so doing we conclude the record contains substantial evidence to support the jury's findings, those findings are binding and trial court must be reversed. *See Kurth*, 380 N.W.2d at 695; *Feldhahn v. R.K.B. Quality Corp.*, 356 N.W.2d 226, 230 (Iowa 1984); *Valadez v. City of Des Moines*, 324 N.W.2d 475, 477–78 (Iowa 1982); *see also* Iowa R.App.P. 14(f)(1).

In seeking to uphold trial court's action, Junkmann focuses on the issues of proximate cause and sudden emergency. She makes little attempt to defend trial court's determination of no fault as a matter of law. Our review of the record as a whole likewise convinces us the jury's finding of fault is supported by substantial evidence.

The parties agree that prior to the accident Junkmann was stopped in her own lane with her turn signal on. However, the record also contains evidence from which the jury could have found the front end of Junkmann's automobile was angled towards the center line and its front wheels were turned toward the center line. Finally, Junkmann's testimony suggests that in light of the heavy rush hour traffic, bottlenecked by the effect of the road construction immediately in front of her, she in fact was aware that a failure to keep her automobile and its wheels parallel with the center line increased significantly the likelihood her car would travel across the center line and into oncoming traffic if struck from behind.

█ We conclude substantial evidence exists from which the jury reasonably could have found Junkmann's failure to keep her automobile and its wheels parallel to the center line constituted fault under the circumstances existing at the time of the accident. While Junkmann had no obligation to anticipate Fine's actions, Iowa R.App.P. 14(f)(9), she had an affirmative obligation to exercise reasonable care under the circumstances. The jury reasonably could have found she failed to do so.

█ Based upon this same evidence, we believe the jury also could have determined Junkmann violated several statutory provisions, including failure to yield the right of way, Iowa Code § 321.320 (1983), and turning from a direct course when not reasonably safe to do so, *id.* § 321.314. Junkmann argues, however, that even if statutory violations could be found, those violations are excused as a matter of law under the sudden emergency doctrine. Specifically, Junkmann asserts any statutory violation occurred only because she was con-

fronted with a sudden emergency not of her own making that made it impossible for her to comply with the applicable statutes.

To establish sudden emergency, Junkmann must demonstrate three things: (1) In fact, an emergency did exist; (2) The emergency was not created, directly or indirectly, by her own fault; (3) In responding to the emergency, she acted as a reasonably prudent person would have acted under similar circumstances. *Bannon v. Pfiffner*, 333 N.W.2d 464, 469 (Iowa 1983); *Bangs v. Keifer*, 174 N.W.2d 372, 374–77 (Iowa 1970). Because we are reviewing Junkmann's claim in light of trial court's grant of judgment notwithstanding the verdict, we may uphold her assertion of sudden emergency only if we can conclude each factor of sudden emergency has been established as a matter of law. *See Freese v. Lemmon*, 267 N.W.2d 680, 686 (Iowa 1978).

For purposes of this appeal, we may assume Junkmann established the first and third factors of sudden emergency as a matter of law. We thus focus our inquiry on the second factor: Whether the emergency was created, directly or indirectly, by Junkmann's own fault.

█ We conclude Junkmann has failed to shoulder the heavy burden of establishing as a matter of law she in no way caused or contributed to the creation of an emergency. It is plain an emergency was created when Fine's car rear-ended Junkmann's automobile. However, a jury could have found Junkmann's own actions in positioning her car at an angle with its front wheels turned contributed to and helped compound the emergency. Because the evidence is insufficient to prove the second factor of sudden emergency existed as a matter of law, trial court erred in relying on sudden emergency as a basis for granting Junkmann's motion for judgment notwithstanding the verdict.

Junkmann finally argues no evidence exists from which the jury reasonably could have found her actions were a proximate cause of Johnson's injuries. We disagree.

The classic formulation of proximate cause under Iowa law is found in *Pedersen v. Kuhr*, 201 N.W.2d 711 (Iowa 1972) where we wrote:

In order to be a [proximate] cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent.... [T]his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Id.* at 713 (quoting Restatement (Second) of Torts § 431 comment a (1965)); *see also Iowa Electric Light & Power Co. v. General Electric Co.*, 352 N.W.2d 231, 234 (Iowa 1984). *Pedersen* establishes a two-part test for proximate cause: (1) But for defendant's fault, plaintiff's injuries would not have occurred; and (2) Defendant's fault must be a substantial factor in bringing about plaintiff's harm. 201 N.W.2d at 713.

We already have noted the question of proximate cause generally is a question of fact and may be taken from the jury only in exceptional cases. *See* Iowa R.App.P. 14(f)(10). An exceptional case is one in which after construing the evidence in its most favorable light and resolving all doubts in favor of the party seeking to establish proximate cause, the relationship between cause and effect nonetheless is so apparent and so unrelated to defendant's conduct that no reasonable jury could conclude defendant's fault was a proximate cause of plaintiff's injuries. *See Oak Leaf*

*Country Club, Inc. v. Wilson,* 257 N.W.2d 739, 746 (Iowa 1977); *see also Nichols,* 380 N.W.2d at 398; *Henkel,* 323 N.W.2d at 188. In short, only if the record contains no substantial evidence upon which a finding of proximate cause could be based can the question of proximate cause be decided as a matter of law. *See Kurth,* 380 N.W.2d at 695; *Valadez,* 324 N.W.2d at 477–78; *see also* Iowa R.App.P. 14(f)(1).

Junkmann contends no evidence was presented from which the jury could find her fault was a cause of Johnson's injuries. Junkmann argues that she and her automobile, waiting to turn left across Southwest Ninth, were nothing more than projectiles, unknowingly about to be propelled into Johnson's path by the force of Fine's automobile.

■ It is true, under this evidence, the jury reasonably could have found that, in any event and regardless of Junkmann's conduct, the force of and angle at which the Fine car struck the Junkmann vehicle would have propelled that automobile into the path of Johnson's car. Such a determination clearly would bar a finding of proximate cause under either prong of the *Pedersen* test. *See Pedersen,* 201 N.W.2d at 713. However, reviewing the record in the light most favorable to Johnson's position, and drawing every reasonable inference from the evidence, we conclude the jury also reasonably could have found the force of and angle at which Fine's car struck Junkmann's vehicle, *coupled with the angle of Junkmann's automobile and its front wheels,* caused Junkmann's automobile to be propelled across the center line and into a collision with Johnson's car. In our view there was substantial evidence from which the jury could have found Junkmann's fault was a proximate cause of Johnson's injuries. We thus determine trial court erred in granting Junkmann a judgment notwithstanding the jury's verdict.

■ Before turning to Johnson's second issue, however, we note trial court acted appropriately when it allowed the case to go to the jury rather than grant Junk-

mann's motion for a directed verdict. *See Dudley v. William Penn College,* 219 N.W.2d 484, 487 (Iowa 1974); *Florke v. Peterson,* 245 Iowa 1031, 1033, 65 N.W.2d 372, 373 (1954). By allowing the case to go to the jury, trial court gave the jury an opportunity to consider the evidence, return a verdict, and potentially reach the same conclusion the court tentatively had reached. More importantly, this court, assuming no other prejudicial error is found, may now reinstate that verdict rather than being required to remand Johnson's claim for new trial.

II. As a second proposition for reversal, Johnson contends trial court improperly treated her petition as one governed by Iowa Code chapter 668, Iowa's Comparative Fault Act. Iowa Code §§ 668.1–.10 (1985); *see also id.* § 619.17 (amended with the enactment of the comparative fault statute). Johnson asserts the Comparative Fault Act is applicable only in cases in which plaintiff's own fault contributed to her injuries. Here, Johnson asserts that because she was neither alleged nor found to be at fault, common law rather than statutory comparative fault law governs her action.

Johnson's position is straightforward. In *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982), we abrogated the doctrine of contributory negligence and adopted a pure form of comparative negligence. *Id.* at 753–54. We subsequently held, however, in *Rozevink v. Faris,* 342 N.W.2d 845 (Iowa 1983), that the *Goetzman* decision was in no way inconsistent with Iowa's common-law rule of joint and several liability. *Id.* at 849–50. Thus, in *Rozevink,* we reaffirmed the general rule that, subject only to appropriate reduction for plaintiff's contributory negligence, each tort-feasor would continue to be jointly and severally liable for the entire amount of plaintiff's judgment. *Id.* at 850. If the *Rozevink* rule applies here, Junkmann, although allocated only three percent of the total fault, will be liable for all the damages fixed by the jury in the total sum of $76,000.

By contrast, if chapter 668 is applicable to Johnson's action, Junkmann will be liable for only three percent of the total damages. This result flows from an application of section four of the Iowa Comparative Fault Act, which, modifying the *Rozevink* rule, provides in relevant part that "joint and several liability shall not apply to defendants who are found to bear *less than fifty percent of the fault assigned to all parties.*" Iowa Code § 668.4 (emphasis added).

■ Whether Iowa Code chapter 668 has any application to a case involving a blameless plaintiff is a law question of first impression that requires us to determine the legislature's intent through an analysis of the language of the Act. *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491 (Iowa 1985). Absent some "manifest, contrary intent of the legislature," the obvious and usual meaning of the words actually adopted by the legislature will control. *Id; see also Welp v. Iowa Department of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983).

Iowa's Comparative Fault Act represents a truly comprehensive and far-ranging modification and consolidation of Iowa tort law. *See Speck v. Unit Handling Division*, 366 N.W.2d 543, 546 (Iowa 1985). Nothing in the language of this Act suggests its applicability is triggered only upon a finding or allegation of plaintiff's contributory fault. Rather, the precise and unambiguous language of the Act will be given its plain meaning. *See Nugent v. Iowa Department of Transportation*, 390 N.W.2d 125, 128 (Iowa 1986); *see also State v. Baldwin*, 396 N.W.2d 192, 195 (Iowa 1986).

Under the Act, the principles of comparative fault are triggered by any "claim involving the fault of more than one party to the claim." Iowa Code § 668.3(2). At the trial of such a claim, the trier of fact determines total damages and the percentage of fault to be allocated to each party. *Id.* § 668.3(2)(a)–(b). Trial court then determines the amount of damages payable to each plaintiff by each other party. *Id.* § 668.3(4).

In such a case, a finding plaintiff was contributorily at fault does not bar all recovery of damages unless plaintiff is found to bear a greater percentage of fault than the fault of all defendants, third-party defendants, and individuals released from liability combined. *Id.* § 668.3(1). However, plaintiff's damages will be reduced by an amount equal to his or her proportionate share of the total fault. *Id.* Further, as previously noted, unless found to bear fifty percent or more of the total fault, no defendant shall be liable for more than that percentage of plaintiff's total damages equal to defendant's percentage of fault. *Id.* § 668.4.

The key to determining the applicability of these statutory provisions is the phrase "a claim involving the *fault* of more than one *party.*" *Id.* § 668.3(2) (emphasis added); *see also Peterson v. Pittman*, 391 N.W.2d 235, 238 (Iowa 1986). If a claim involves the fault of more than one party, the statute applies. If not, the statute is not applicable.

The statute defines the term "fault" broadly to encompass many types of tort claims, including those that involve "one or more acts or omissions that are in any measure negligent or reckless." *Id.* § 668.1. A "party," on the other hand, is defined in the statute as: (1) a claimant (*i.e.,* plaintiff); (2) a person named as a defendant; (3) a person who has been released from liability by the claimant; or (4) a third-party defendant. *Id.* § 668.2; *see Peterson*, 391 N.W.2d at 238.

The present claim involves both the fault of Junkmann and Fine. Junkmann, a named defendant, is thus a "party" to the claim. Fine, although released from liability by Johnson, nonetheless is also a "party" to the claim under the Iowa Code section 668.2(3) definition. Thus, under the Act we have a "claim [Johnson's] involving the fault [negligence] of more than one party to the claim [Junkmann and Fine]." *Id.* § 668.3(2). Nothing in the above sections suggests the chapter's applicability is premised upon the plaintiff's fault being placed in issue. *See id.* § 668.3(2). Rath-

er, if the fault of more than one party is involved, the Act is applicable.

Supporting our conclusion is Iowa Code section 619.17, extensively amended by the legislature at the same time and as an integral part of the legislation adopting the Iowa Comparative Fault Act. *See* 1984 Iowa Acts 524, 526 (1984). In relevant part this section provides:

A plaintiff does not have the burden of pleading and proving the plaintiff's freedom from contributory fault. *If* a defendant relies upon contributory fault of a plaintiff to diminish the amount to be awarded as compensatory damages, the defendant has the burden of pleading and proving fault of the plaintiff, if any, and that it was a proximate cause of the injury or damage.

Iowa Code § 619.17 (emphasis added). This section, while amended as part of the Iowa Comparative Fault Act and intended to provide the means by which the issue of plaintiff's contributory fault is to be raised, clearly anticipates by the use of the word "if" that in certain cases no claim of fault will be raised. Yet nothing in that section or in the enactment as a whole gives an indication the failure of any party to raise the issue of contributory fault will itself insulate the claim from the operation of the Comparative Fault Act.

While our focus to this point properly has been on the clear language of the Iowa Comparative Fault Act, we note briefly one further indicator of legislative intent supporting our conclusion the Act is applicable to Johnson's claim. The legislature, while making the Act generally applicable to all claims filed on or after July 1, 1984, 1984 Iowa Acts at 527, made section four—the section modifying the common law rule of joint and several liability—applicable to all cases tried on or after July 1, 1984. *Id.;* see Baldwin, 372 N.W.2d at 491. By making section four generally applicable sooner than the rest of the legislation, the Iowa legislature "obviously wished to change the *Rozevink* rule sooner than the *Goetzman* rule." *Reese v. Werts Corp.*, 379 N.W.2d 1, 4 (Iowa 1985). *Rozevink*, which was

statutorily superseded by section four, involved a blameless plaintiff, neither alleged nor found to be contributorily at fault. We conclude the legislature did not intend to preserve the holding of *Rozevink* with respect to cases involving a blameless plaintiff.

We hold Iowa's Comparative Fault Act, including section four, is fully applicable to Johnson's claim. It follows that Junkmann is liable only for three percent of the total damages.

Trial court's judgment notwithstanding the verdict is reversed. The case is remanded to district court for entry of judgment in favor of Johnson. The judgment shall limit Junkmann's liability to three percent of the total damages fixed by the jury in the sum of $76,000.

REVERSED AND REMANDED WITH DIRECTIONS.