**Donna Diane TEN HAGEN a/k/a Diane Ten Hagen f/k/a Donna Diane Kridelbaugh, Plaintiff–Appellee,**

v.

**Ron DeNOOY, Jamie Bruxvoort and Roger Bruxvoort, Father and Parent of Jamie Bruxvoort, Defendants–Appellants.**

No. 95–1745.

Court of Appeals of Iowa.

Feb. 26, 1997.

John B. Grier and Merrill C. Swartz of Cartwright, Druker & Ryden, Marshalltown, for Defendants–Appellants.

James R. Bowers of Brick, Gentry, Bowers, Swartz, Stoltze, Shuling & Levis, P.C., for Plaintiff–Appellee.

Heard by HABHAB, C.J., and CADY and HUITINK, JJ.

HABHAB, Chief Judge.

On May 12, 1992, Donna Diane Ten Hagen's 1978 Dodge van collided with a tractor and cultivator on a rural gravel road. Jamie Bruxvoort, age seventeen, was operating the tractor at the time of the collision. The tractor and cultivator were owned by Ron DeNooy. Ten Hagen filed suit against DeNooy and later sued Bruxvoort and his father. The matters were consolidated for trial.

At trial, the evidence indicated a portion of the tractor or cultivator was on the wrong side of the road. Ten Hagen's van approached from the north at a disputed speed between twenty-five and sixty-five miles per hour. Bruxvoort approached from the south. Ten Hagen applied her brakes and left skid marks on the road before colliding with the tractor and cultivator.

After trial, a jury returned a verdict finding defendants at fault, but also finding that defendants' fault was not a proximate cause of plaintiff's damages. Plaintiff filed a motion for new trial alleging three grounds. First, she argued the verdict was inconsistent as the jury found defendants were at fault but did not award damages. Second, she claimed jury misconduct tainted the outcome of the trial. Juror affidavits indicated that during a weekend break two of the jurors did their own braking tests and determined that plaintiff must have been going over twenty-five miles per hour. Third, she argued the court erred, essentially, in failing to instruct the jury that defendants were negligent in failing to yield one-half of the roadway to plaintiff.

In granting plaintiff's motion for new trial, the district court found the jury misconduct was not sufficient to affect the verdict; however, it also found the jury's determination that defendants were at fault but their fault was not a proximate cause of plaintiff's damages was inconsistent. Defendants appeal. They assert the trial court abused its discretion in granting plaintiff's motion for new trial.

**I. New Trial.** Our review of a district court's action on a motion for new trial is for abuse of discretion. *Foggia v. Des Moines Bowl–O–Mat, Inc.*, 543 N.W.2d 889, 892 (Iowa 1996). In rulings upon motions for new trial, we give the district court broad but not unlimited discretion in determining

whether the verdict effectuated substantial justice between the parties. *See* Iowa R.App.P. 14(f)(3). "We will not find abuse of discretion unless it is shown that the trial court's discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable." *Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 13 (Iowa 1990). We are more reluctant to interfere with the grant of a new trial than its refusal. Iowa R.App.P. 14(f)(4).

In granting plaintiff's request for new trial, the district court found the following:

> There is no question before the jury but that the van was damaged[1] in the collision and for the jury to find that the defendants were at fault but that their fault was not a proximate cause of the damage to the van is inconsistent.

> Although standing alone the court does not believe that the conduct of the jury itself would warrant the granting of a new trial, the court does believe that the inconsistency in the answers to the verdict form questions and the conduct of the jurors does rise to the level of the court now finding that substantial justice was not done and that a new trial should be granted.

As part of the instructions,[2] special verdict forms were provided to the jury. The first question posed on the verdict form was, "Were the defendants at fault?" The jury answered this question affirmatively. The second inquiry on the verdict form appears as follows:

> Was the fault of the defendants a proximate cause of damage to the plaintiff? Answer "yes" or "no."

> ANSWER: NO.

> [If your answer is "no," do not answer any further questions.]

■ We turn first to the question of proximate cause. It is clear in Iowa that the questions of fault and proximate cause are questions of fact and only in exceptional cases may these questions be taken from the jury and decided as a matter of law by the court. *Johnson v. Junkmann*, 395 N.W.2d 862, 864 (Iowa 1986).

■ It is equally clear in our state and under the Restatement (Second) of Torts that even though fault is established, it does not necessarily follow that proximate cause exists. *See Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 746 (Iowa 1977). Proximate cause must be separately determined. The trial court did this in its instructions and with the consent of counsel[3] when

1. The parties stipulated the value of the van on the date of the collision was $1000 after deducting salvage. However, the question of damages and the amount thereof was left for the jury to determine.

2. The jury was instructed, in part, as follows:

 INSTRUCTION NO. 9. In these instructions I will be using the term "fault." Fault means one or more acts or omissions towards the person of the actor or of another which constitutes negligence.

 INSTRUCTION NO. 10. "Negligence" means failure to use ordinary care. Ordinary care is the care which a reasonably careful person would use under similar circumstances. "Negligence" is doing something a reasonably careful person would not do under similar circumstances, or failing to do something a reasonably careful person would do under the circumstances.

 INSTRUCTION NO. 11. The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. "Substantial" means the party's conduct has such an affect in producing damage as to lead a reasonable person to regard it as a cause. There can be more than one proximate cause of an injury or damage.

 INSTRUCTION NO. 12. The mere fact an accident occurred or a party was injured does not mean a party was negligent.

 INSTRUCTION NO. 13. Damages may be the fault of more than one person. In comparing fault, you should consider all of the surrounding circumstances as shown by the evidence, together with the conduct of the plaintiff and the defendants and the extent of the causal relation between their conduct and the damages claimed. You should then determine what percentage, if any, each person's fault contributed to the damages. Defendant Jamie Bruxvoort, himself, and by his parent Roger Bruxvoort, and Ron DeNooy are all to be treated as a single party for the purpose of determining their percentage of fault.

3. We note that in both plaintiff's and defendants' proposed instructions, the question of proximate cause was submitted to the jury for its determination.

it submitted the questions of fault and proximate cause to the jury.

Plaintiff contends that because the jury found defendants were at fault, it necessarily follows that defendants "caused, at least in part, the subject collision." But in order to be a proximate cause of plaintiff's injuries, it is not enough to assert that the harm to plaintiff would not have occurred had defendants not been negligent. Although a finding of negligence is necessary, it is not, standing alone, sufficient. The fault or negligence of a defendant must also be a substantial factor in bringing about plaintiff's harm. As our supreme court in *Johnson* stated:

> The classic formulation of proximate cause under Iowa law is found in *Pedersen v. Kuhr*, 201 N.W.2d 711 (Iowa 1972) where we wrote:
>
> > In order to be a [proximate] cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. . . . [T]his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Id.* at 713 (quoting Restatement (Second) of Torts § 431 comment a (1965)); *see also Iowa Electric Light & Power Co. v. General Electric Co.*, 352 N.W.2d 231, 234 (Iowa 1984). *Pedersen* establishes a two-part test for proximate cause: (1) But for defendant's fault, plaintiff's injuries would not have occurred; and (2) defendant's fault must be a substantial factor in bring-

ing about plaintiff's harm. 201 N.W.2d at 713.

*Johnson*, 395 N.W.2d at 865.

Thus, in the case at bar, although the jury found defendants at fault, by its finding that such fault was not a proximate cause of plaintiff's damages, it follows the jury determined such fault was not a substantial factor in bringing about plaintiff's harm. It is reasonable to conclude the jury, by its finding, determined the effect of defendants' faults were "so insignificant that no ordinary mind would think of them as causes." *Pedersen v. Kuhr*, 201 N.W.2d 711, 713 (Iowa 1972).

Plaintiff next contends that based on the evidence "it was at least inconsistent and in essence virtually impossible for the jury, having found defendants to have been at fault and causing the subject collision, to not have found that as a result of the subject collision the plaintiff suffered absolutely no personal injury or property damage."

Defendants are correct in their contention that although the jury found defendants were at fault, it did not find, as plaintiff argues, that such fault caused the collision. Nor did the jury find that plaintiff suffered no injury or property damage. The jury found that defendants' fault was not a proximate cause of the collision. The jury was merely following the court's instruction that the question of damages need not be considered if it found that defendants' fault was not a proximate cause of plaintiff's damage.

As noted earlier, there are instances where proximate cause may be determined as a matter of law. But those instances apply only in exceptional cases. *See Burton v. Metropolitan Transit Authority*, 530 N.W.2d 696, 703 (Iowa 1995).

An exceptional case is one which after construing the evidence in its most favorable light and resolving all doubts in favor of the party seeking to [deny] proximate cause, the relationship between cause and effect nonetheless is so apparent and so [related] to defendant's conduct that no reasonable jury could conclude defendant's fault was [not] a proximate cause of plaintiff's injuries.

*Johnson,* 395 N.W.2d at 865; *see also Kamerick v. Wal–Mart Stores, Inc.,* 503 N.W.2d 24, 26 (Iowa App.1993).

We find there is substantial evidence within the record to support the jury's finding that defendants' fault was not a "substantial factor" in producing the damages and, therefore, it was not a proximate cause [4] of damages sustained by plaintiff. *See Kamerick,* 503 N.W.2d at 27.

The jury was given the following instruction:

In order for the Plaintiff to recover in this matter, the Plaintiff must prove each of the following numbered propositions:

1. The Defendant was at fault in one or more of the following particulars:

a. in failing to maintain a proper lookout as explained in instruction No. 16.[5]

b. in failing to have the farm tractor and machinery under control as explained in Instruction No. 17;[6]

2. The Defendant's fault was a proximate cause of Plaintiff's damage.

3. The amount of damage.

If the Plaintiff has failed to prove any of these propositions, the Plaintiff is not entitled to damages. If the Plaintiff has proved all of these propositions, you will then consider the defense of comparative fault as explained in Instruction No. 18.

Under the facts of this case, the jury may have and did reasonably conclude defendants acted negligently in failing to maintain a proper lookout or in failing to have the farm tractor and machinery under control. In this regard, there is, of course, the jury's finding of fault. But likewise, from the evidence before it, the jury could also reasonably conclude that defendants' fault was not a substantial factor in producing damage to plain-

tiff and the damage plaintiff suffered would have been incurred even though defendants were negligent. In this regard, there is also the jury's finding that defendant's fault was not a proximate cause of damage to plaintiff. Notwithstanding the fact that plaintiff's vehicle was damaged, we do not believe the verdict is inconsistent.

▮▮▮ The jury has spoken on an essential element of plaintiff's case. We find the trial court abused its discretion in granting plaintiff's motion for new trial. The jury's determinations were not inconsistent and the verdict effectuated substantial justice between the parties.

It is fundamental that a jury's verdicts are to be liberally construed to give effect to the intention of the jury and to harmonize the verdicts if it is possible to do so. The test is whether the verdicts can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court. Only where the verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.

*Hoffman v. National Medical Enters.,* 442 N.W.2d 123, 127 (Iowa 1989) (citations omitted).

▮▮▮ The determinations made by the jury are well within their province and we will not disturb them by affirming the trial court's grant of a new trial to plaintiff. *See Foggia,* 543 N.W.2d at 892.

In jury trials controverted issues of fact are for the jury to decide. That is what juries are for. To hold that a judge should set aside a verdict just because he would have reached a different conclusion would substitute judges for juries.

*Lantz v. Cook,* 256 Iowa 409, 413, 127 N.W.2d 675, 677 (1964).

---

4. From our reading of the trial court's ruling, we do not believe it embraced the concept that proximate cause had been established as a matter of law.

5. Instruction number 16 provided:

"Proper lookout" is the lookout a reasonable person would keep in the same or similar situation. It means more than looking and seeing. It includes being aware of the opera-

tion of the driver's vehicle in relation to what the driver saw or should have seen.

A violation of this duty is negligence.

6. Instruction number 17 provided:

A driver must have his or her vehicle under control. It is under control when the driver can guide and direct its movement, control its speed and stop it reasonably fast.

A violation of this duty is negligence.

We reverse the district court's grant of a new trial to plaintiff.

**II. Jury Misconduct.** We reject plaintiff's contentions regarding jury misconduct. Plaintiff submitted affidavits from jurors with her motion for new trial which establish that two jurors conducted independent experiments to ascertain the affect of applying brakes to a motor vehicle at certain speeds on a gravel road. Apparently, these jurors shared the results of their experiments with the other jury members. A juror also measured farm equipment at her home. Plaintiff asserts that because of this misconduct on the part of the jurors, she is entitled to a new trial. We disagree.

To be entitled to a new trial on the basis of juror misconduct, a defendant must show an abuse of discretion by the trial court in denying the motion for new trial. See State v. Sauls, 391 N.W.2d 239, 241 (Iowa 1986); State v. LeGrand, 442 N.W.2d 614, 615 (Iowa App.1989). An abuse will not be found unless the trial court's actions were clearly unreasonable under the attendant circumstances. See id.

It is ... well settled that to impeach a verdict on the basis of jury misconduct, three conditions must be met: (1) evidence from the jurors must consist only of objective facts concerning what actually occurred in or out of the jury room bearing on misconduct; (2) the acts or statements complained of must exceed tolerable bounds of jury deliberations; and (3) it must appear the misconduct was calculated to, and with reasonable probability did influence the verdict.

State v. Arnold, 543 N.W.2d 600, 605 (Iowa 1996). We find no reasonable probability the misconduct influenced the verdict. A police officer testified at trial plaintiff was traveling at fifty-three miles per hour when she began skidding. Defendant Bruxvoort estimated plaintiff's initial speed at fifty-five to sixty-five miles per hour. The jury could have reasonably concluded plaintiff was traveling at an excessive speed from the evidence admitted at trial.

Although it was improper for the jurors to take measurements, conduct experiments, and relay the results to the other jurors, we find no prejudice to plaintiff. The speed tests conducted by the jurors involved matters within the realm of common experience and do not warrant the grant of a new trial. See Sauls, 391 N.W.2d at 242; see also Long v. Gilchrist, 251 Iowa 1294, 1299, 105 N.W.2d 82, 85 (1960) (misconduct of juror in conducting speed test at scene did not warrant new trial); and see State v. Houston, 209 N.W.2d 42, 44 (Iowa 1973) (juror misconduct did not warrant new trial where jury conducted experiment to test nighttime visibility).

In our review of the record, we agree with the district court's determinations that the jury's conduct did not affect the verdict, and further that the "conduct of the jury itself would not warrant the granting of a new trial." We find no abuse of discretion on the part of the district court in this regard.

**III. Jury Instructions.** Plaintiff contends the trial court abused its discretion in failing to properly instruct the jury. It cannot go unnoticed that plaintiff did not file a cross-appeal in this matter. Plaintiff was the unsuccessful party when the case was tried on the merits; thus, we do not believe error has been adequately preserved on this issue for our review. However, even assuming arguendo error was preserved, for the reasons which follow we find no merit in plaintiff's contentions with regard to this issue.

We find reversible error when the instructions given to the jury, viewed as a whole, fail to convey the applicable law. Benn v. Thomas, 512 N.W.2d 537, 539 (Iowa 1994). Our review is for correction of error at law. Iowa R.App.P. 4.

Plaintiff contends the district court erred in failing to submit her proposed instructions 14, 17, 18, or alternatively proposed instruction A.[7] In essence these instructions would

---

7. PROPOSED INSTRUCTION NO. 14: The plaintiff claims that defendants Jamie Bruxvoort and Ron DeNooy were at fault because of their negligence. This ground of fault has been explained to you in other instructions.

In order to recover against defendants Jamie Bruxvoort and Ron DeNooy, plaintiff must prove all of the following three propositions:
1. Defendants were at fault. In order to prove fault, the plaintiff must prove that the

have required the jury to consider whether defendants were negligent for failing to yield half of the roadway to plaintiff. The evidence as to which side of the road each vehicle was on upon impact was greatly disputed at trial.

The trial court determined Iowa Code section 321.297 does not require a vehicle which is too wide to be driven on the right half of the roadway if the roadway is not of sufficient width to allow such operation. Defendants assert that as a result Bruxvoort owed no duty to plaintiff to drive on the shoulder of the road. They maintain the exclusion of plaintiff's proposed instructions was proper, as to include them would have misinformed the jury as to Iowa law and the duty owed to plaintiff.

Plaintiff argues the trial court's interpretation of the definition of the term "roadway" was erroneous. She asserts Iowa Code section 306.3(10) defines "road" to include the road's shoulder. We find Iowa Code chapter 306 is inapplicable to the case at hand; the trial court employed the correct definition of "roadway" contained in Iowa Code section 321.1(66).[8]

In viewing the instructions given to the jury as a whole, we find the jury was appropriately instructed as to the applicable law. The jury was correctly instructed that defendant had a duty to maintain a proper lookout and a duty to keep his vehicle under control in Instructions 15, 16, and 17. We find no error on the part of the district court in its instruction of the jury.[9]

**REVERSED.**

---

defendants were negligent in one or more of the following ways: (list particulars of negligence, if any, proven by the evidence at trial).

 a. In failing to operate the tractor and cultivator on the right-half of the road;

 b. In failing to yield one-half of the road to plaintiff;

 c. In failing to have the tractor and attached cultivator under control;

 d. In failing to keep a proper lookout;

 e. In operating the tractor and attached cultivator in a defective or hazardous condition;

 f. In failing to exercise due and reasonable care for the safety of plaintiff under the circumstances then and there existing.

 2. Defendants' fault was a proximate cause of plaintiff's damages.

 3. The amount of damage.

If plaintiff has failed to prove any of the foregoing propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, you will consider the defense of comparative fault as explained in Instruction Nos. 20 and 21.

PROPOSED INSTRUCTION NO. 17: The law of Iowa requires that a motor vehicle be driven upon the right half of the roadway. A violation of this law is negligence.

PROPOSED INSTRUCTION NO. 18: The law of Iowa requires that a driver of a motor vehicle meeting another motor vehicle on any roadway shall yield one-half of the roadway to the other vehicle.

PROPOSED INSTRUCTION A: The law of Iowa requires that any person operating farm equipment on a roadway when meeting other vehicles on the roadway must turn to the right and yield one-half of the roadway to the oncoming vehicle. The roadway to the extent reasonably possible shall include the shoulder of the road.

If it is impossible under the surrounding facts and circumstances for the operator of the equipment to yield one-half of the roadway, he still must operate said equipment as far to the right as possible on said roadway and must exercise due and reasonable care for the safety of persons operating other vehicles on the roadway.

Failure to comply with the foregoing obligation constitutes negligence.

8. Iowa Code section 321.1(66) defines "roadway" as "that portion of a highway improved, designed, or ordinarily used for vehicular travel."

9. We note in its final decision the district court stated it was "concerned that as a result of the instructions given to the jury that the jury may have misapplied the law in answering the questions." The court went on to note that this concern stemmed from what appeared to the district court to be "inconsistencies in the verdict." We reject the district court's contention in this regard, as we have found the jury's verdict to be consistent for reasons set forth in section one of this opinion.