Madonna E. DELANEY, Appellant,

v.

Sandy Marie GANSEMER and Edward
J. Gansemer, Appellees.

No. 95–2151.

Court of Appeals of Iowa.

April 30, 1997.

Michael J. Coyle and Norman J. Wang-
berg of Fuerste, Carew, Coyle, Juergens &
Sudmeier, P.C., Dubuque, for appellant.

Stephen W. Scott of Kintzinger Law Firm,
Dubuque, for appellees.

Heard by HABHAB, C.J., and HUITINK
and STREIT, JJ.

HABHAB, Chief Judge.

Madonna Delaney was involved in a motor
vehicle accident on August 11, 1991. Dela-
ney was stopped in a line of traffic at an
intersection when Sandy Gansemer allegedly
failed to stop her vehicle and struck Dela-
ney's vehicle from behind. The vehicles sus-
tained minimal damage and were operable
after the accident. The repair costs were
$617.72 for Delaney's vehicle and $156 for

Gansemer's vehicle. The day after the accident, Delaney sought treatment for pain in her right foot and lower back.

In May 1992, an orthopedic surgeon found a fracture in Delaney's right foot which required surgery. Delaney filed a personal injury action on July 28, 1993 against Gansemer and her husband, Edward, as owner of the vehicle.

At trial in May 1995, Delaney presented expert testimony that her injuries were caused by the accident. The Gansemers presented evidence of Delaney's prior back and foot injuries, a prior motor vehicle accident, and Delaney's alleged ability to perform farming chores and walk up steep hills.

The jury determined the Gansemers were negligent, but they did not proximately cause damage to Delaney. The district court sua sponte entered an order for judgment notwithstanding the verdict (JNOV) and awarded Delaney $617.72 for damage to her vehicle. The court overruled Delaney's new trial motion on the issue of personal injury damages and the Gansemers' motion to reconsider the JNOV.

Delaney appeals. She contends, among other things, although the court correctly entered judgment in her favor for property damages, it should have also entered judgment for personal injury damages. She argues it was inconsistent for the court to determine the jury failed to award property damages but not to determine the jury failed to find the Gansemers proximately caused her personal injury damages.

The Gansemers argue, in part, the jury was not instructed to determine property damages and Delaney waived any argument

involving those jury instructions because she did not challenge them at trial.

Our review of a district court's action on a motion for new trial is for abuse of discretion. *Foggia v. Des Moines Bowl–O–Mat, Inc.*, 543 N.W.2d 889, 892 (Iowa 1996). In rulings upon motions for new trial, we give the district court broad but not unlimited discretion in determining whether the verdict effectuated substantial justice between the parties. *See* Iowa R.App. P. 14(f)(3). "We will not find abuse of discretion unless it is shown that the trial court's discretion was exercised on grounds clearly untenable or to an extent clearly unreasonable." *Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 13 (Iowa 1990). We are more reluctant to interfere with the grant of a new trial than its refusal. Iowa R.App. P. 14(f)(4).

As part of the instructions,[1] special verdict forms were provided to the jury. The first question posed on the verdict form was, "Were the defendants, Sandy Marie Gansemer and Edward J. Gansemer, at fault?" The jury answered this question affirmatively. The second inquiry on the verdict form appears as follows:

> Was the fault of the defendants, Sandy Marie Gansemer and Edward J. Gansemer, a proximate cause of damage to the plaintiff? Answer "yes" or "no."
>
> ANSWER: NO.
>
> [If your answer is "no," do not answer any further questions.]

■ It is clear under Iowa law and under the Restatement (Second) of Torts that even though fault is established, it does not necessarily follow proximate cause exists. *See Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 746 (Iowa 1977). Proximate cause must be separately determined.

---

1. The jury was instructed, in part, as follows:

INSTRUCTION NO. 14. In these instructions I will be using the term "fault." Fault means one or more acts or omissions towards the person of another which constitute negligence.

INSTRUCTION NO. 15. The word "negligence" is used frequently in these instructions. When we say that a person was negligent or we talk about their negligence, we mean that the person's conduct was below the level of care that we expect of an ordinary, careful and prudent person in the same circumstances. In short, negligence is the lack of ordinary care.

Negligence is doing something a reasonably careful person would not do under similar circumstances, or failing to do something a reasonably careful person would do under similar circumstances.

INSTRUCTION NO. 18. The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct.

"Substantial" means the party's conduct has such an affect in producing damages to lead a reasonable person to regard it as a cause.

To establish Gansemer's acts were a proximate cause of Delaney's injuries, it is not enough to assert the harm to Delaney would not have occurred had Gansemer not been negligent. Although a finding of negligence is necessary, it is not, standing alone, sufficient. The fault or negligence of a defendant must also be a substantial factor in bringing about the plaintiff's harm.[2]

Under the facts of this case, the jury reasonably concluded Gansemer acted negligently in failing to maintain a proper lookout, failing to have the van under control, or failing to operate the car at a reasonable speed.[3]. But likewise, from the evidence before it, the jury could also reasonably conclude Gansemer's fault was not a substantial factor in producing damage to Delaney.

Delaney argues that once the jury found fault, it should have awarded her damages for her personal injuries. We disagree. The jury was instructed that if proximate cause was not found it was not to answer any further questions. We reject any contention by plaintiff that as a matter of law proximate

cause was established. The proximate cause issue was submitted to the jury, without objections of counsel, as a fact question for its determination. The jury merely followed the instructions submitted by the trial court.

The jury has spoken on an essential element of Delaney's claim.

It is fundamental that a jury's verdicts are to be liberally construed to give effect to the intention of the jury and to harmonize the verdicts if it is possible to do so. The test is whether the verdicts can be reconciled in any reasonable manner consistent with the evidence and its fair inferences, and in light of the instructions of the court. Only where the verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside.

*Hoffman v. National Medical Enters.*, 442 N.W.2d 123, 127 (Iowa 1989) (citations omitted). The determinations made by the jury are well within their province and we will not disturb them by granting a new trial to Delaney. *See Foggia*, 543 N.W.2d at 892.

In jury trials, controverted issues of fact are for the jury to decide. That is what

2. As our supreme court in *Johnson v. Junkmann* stated:

> The classic formulation of proximate cause under Iowa law is found in *Pedersen v. Kuhr*, 201 N.W.2d 711 (Iowa 1972), where we wrote: In order to be a [proximate] cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent.... [T]his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm. The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophic sense," which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called "philosophic sense," yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes.

*Id.* at 713 (quoting Restatement (Second) of Torts § 431 comment a (1965)); *see also Iowa Electric Light & Power Co. v. General Electric Co.*, 352 N.W.2d 231, 234 (Iowa 1984). *Pedersen* establishes a two-part test for proximate cause: (1) But for defendant's fault, plaintiff's

injuries would not have occurred; and (2) defendant's fault must be a substantial factor in bringing about plaintiff's harm. 201 N.W.2d at 713.

*Johnson v. Junkmann*, 395 N.W.2d 862, 865 (Iowa 1986).

3. The jury was given the following instruction regarding negligence:

> INSTRUCTION NO. 19. Madonna E. Delaney claims Sandy Marie Gansemer was at fault because of her negligence. This ground of fault is explained to you in other instructions.
> Madonna E. Delaney must prove all of the following propositions:
> 1. The defendant, Sandy Marie Gansemer, was negligent in one or more of the following ways:
>   a) In failing to maintain a proper lookout.
>   b) In failing to have her van under control.
>   c) In operating her van at a speed greater than that which would permit her to bring it to a stop within the assured clear distance ahead.
> 2. The negligence was a proximate cause of Madonna E. Delaney's damages.
> 3. The amount of damages.
> If Madonna E. Delaney has failed to prove any of these propositions, she is not entitled to damages. If she has proved all of these propositions, she is entitled to recover in some amount.

juries are for. To hold that a judge should set aside a verdict just because he would have reached a different conclusion would substitute judges for juries.

*Lantz v. Cook,* 256 Iowa 409, 413, 127 N.W.2d 675, 677 (1964).

The discretion of the trial court in deciding whether to grant a new trial is whether substantial justice was done by the jury. *See* Iowa R.App. P. 14(f)(3). Here, plaintiff sought damages for personal injuries. The court adopted plaintiff's requested instruction on damages. In that instruction, plaintiff completely omitted the issue of property damage; and a review of the pleadings reveals she did not plead the issue of property damage. But, even assuming property damage was properly before the court and jury, the best she could have hoped for by way of property damage was the award of $617.72 the trial court gave her in its order for judgment notwithstanding the verdict. We note since neither party contends the district court erroneously entered JNOV in favor of plaintiff on property damage, we do not reach the merits of the court's sua sponte action in awarding that amount.

Turning briefly to the issue of personal injuries, there is medical evidence plaintiff suffered injuries from the accident, but there is also an abundance of evidence that she did not. The jury was directed to determine whether such fault of defendant was a proximate cause of plaintiff's damages. It found it was not. When the facts of this case are coupled with the manner in which the issues were submitted to the jury, we conclude the finding of fault was not inconsistent with the subsequent finding that such fault was not a proximate cause of plaintiff's damages. Nor do we believe merely because the trial court awarded property damage (which would necessitate a finding of proximate cause) that it follows plaintiff is entitled to damages for her personal injuries. The issues are separable for a defendant's fault could be a proximate cause of property damage and yet not a proximate cause of damages for personal injuries. This is particularly true in this case where the cause of plaintiff's personal injuries were hotly contested.

We find the district court did not abuse its discretion in denying Delaney's motion for new trial. The jury's determinations were not inconsistent. We reject Delaney's contention the JNOV on property damages necessitates a new trial on the issue of personal injury and find substantial justice has been effectuated between the parties.

**AFFIRMED.**